## STATE *vs.* EDWIN P. MUNSON.

Where an information charges an offense to have been committed on a particular day, the day is entirely immaterial and the offense may be proved to have been committed on any day not so remote that the statute of limitations would bar the prosecution.

Nor is it necessary to prove the exact day on which the offense was in fact committed, nor to fix any particular day by the evidence.

INFORMATION for selling liquor in violation of law; brought to the Superior Court in New Haven County, and tried to the jury on the plea of not guilty, before *Sanford, J.* The jury found the defendant guilty and he moved for a new trial. The case is fully stated in the opinion.

*W. B. Stoddard,* in support of the motion.

*Foster,* State Attorney, with whom was *Alling,* contra.

PHELPS, J. The information in this case charges the sale of spirituous liquors without a license by the defendant to one Colin Campbell, on the 9th day of December, 1872, on which information he was found guilty.

On the trial of the cause in the Superior Court, the attorney for the state offered Campbell as a witness, who testified that on a certain occasion he purchased from the defendant a pint of New England rum and paid for the same, and thought the transaction was in the month of December, 1872. He also testified that the front room of the defendant's store was used by him for the sale of groceries, and a room in the rear contained a counter or bar, and was at that time used by the defendant for the purpose of selling to the witness the pint of rum above mentioned.

The counsel for the defendant objected to this evidence as immaterial, on the ground that the precise day alleged in the information was material and must be proved.

Where an information in a single court charges an offense to have been committed on a particular day, and evidence is

offered to prove but a single violation, the day is entirely immaterial, provided the offense is shown to have been so recently committed that a prosecution for it is not barred by the statute of limitations. The evidence offered therefore properly tended to prove the issue and was correctly admitted.

It was further claimed for the defendant that if the day was not material to be proved as alleged, the sale must have been shown to have been made on some specified day, and if the evidence failed to establish that fact it was for that reason immaterial and irrelevant.

It is doubtless true that the information and proof must be sufficiently certain to protect the defendant from another prosecution for the same offense, and enable him to plead in bar a former acquittal or conviction to a second complaint alleging the commission of the same crime. This information names a particular day, to wit, the 9th of December, and the evidence tends to prove the sale to have been made on some day in that month.

There is possibly some plausibility in the claim that this is too indefinite to furnish adequate protection to the defendant, but we think it is not liable to that objection to such an extent as to subject the defendant to serious danger of a second prosecution and conviction. The proof on the trial of the present information substantially covered the entire month, and therefore he could well plead his former conviction in bar of a second complaint or information alleging another and similar offense on any other day in the same month. The result is, that by a conviction under a single information containing but one count, the defendant practically obtains immunity for a month, and has cause for satisfaction rather than complaint in the vagueness of the testimony as to time.

In trials of persons for offenses like that charged in this information, the prosecution is entitled to a construction of the principle in question, as liberal as can be properly allowed in any case. The state is often obliged to rely entirely on the testimony of unwilling if not hostile witnesses, and those whose memories are singularly oblivious to certainty in dates,

State *v.* Munson.

and if proof of the exact day on which a sale was made should be required a conviction would rarely be obtained. The defendant is always shielded by the presumption of innocence, and the benefit of any existing uncertainty and doubt in the minds of the jury, and that uncertainty applies as well to the question whether the offense described in the second complaint is the same as that for which he had been already tried, as to any other ; and with the burden of proof on the prosecution, and the advantages which in the humane administration of the criminal law are given to the defendant, he is reasonably safe under circumstances like those disclosed in this motion, from conviction of an offense for which he had been previously informed against and tried.

Statutory provisions for the prevention and punishment of crime are enacted for the security of the public, and those proper safeguards and guarantees which are due to society should not be unnecessarily relaxed. Individuals accused of crime are entitled to a fair trial, and a just interpretation of the rules of evidence and pleading, and a correct construction of the law applicable to the offenses charged, and to those presumptions and doubts to which I have alluded, and the record in this case contains nothing which leads us to suspect that anything was withheld from the defendant which he had good right to claim.

A new trial is not advised.

In this opinion the other judges concurred.