### STATE *vs.* SAMUEL BRUNKER.

Where an information for a violation of the law against keeping open saloons on Sunday, alleged that the place was kept open between the hours of twelve o'clock of the night of Saturday the 13th day of April, 1878, and twelve o'clock of the night of Sunday next following, it was held not necessary that the offence should be proved to have been committed on that particular Sunday.

The offence might be proved to have been committed on any Sunday within the time limited for its prosecution.

Where the attorney for the state at the opening of the case enquired of a witness whether he was at the saloon on the Sunday specified in the information, it was held that he had not thereby elected to make proof of the commission of the crime on that day and had not waived the right to show that the offence was committed on some other Sunday.

INFORMATION for a violation of the act (Gen. Statutes, tit. 20, ch. 9, sec. 60,) which forbids the keeping open between the hours of twelve o'clock Saturday night and twelve o'clock of the Sunday night next following, any place in which it is reputed that intoxicating liquors are exposed for sale; brought by appeal from a justice of the peace to the Superior Court in Fairfield County, and tried to the jury before *Beardsley, J.* Verdict guilty, and motion for a new trial by the defendant. The case is sufficiently stated in the opinion.

*D. B. Lockwood* and *W. F. Taylor*, in support of the motion.

*J. H. Olmstead*, State's Attorney, contra.

LOOMIS, J.   The first count in the complaint, upon which the defendant was tried and found guilty, charges him, in due form, as having kept open "between the hours of twelve o'clock of the night of Saturday the 13th day of April, 1878, and twelve o'clock of the night of Sunday next following," a certain saloon in which it then was and long had been reputed that spirituous and intoxicating liquors were and had been exposed for sale.

The motion for a new trial alleges that the Attorney for the State, on the trial to the jury, inquired of a witness if he was at the house of the accused on the Sunday specified in the first count.   The witness said he was not, but was there on Sunday the 17th of March, 1878, and proceeded to testify to facts tending to prove that the accused on the last named Sunday committed the offense charged in the complaint, and the state introduced one or more additional witnesses, who testified to facts tending to prove the same thing.

The evidence was objected to by the defendant but admitted by the court, and there was no evidence that the place in question was kept open on the day specified in the complaint.

The argument to show that the ruling of the court was wrong, so far as appears from the brief of counsel, rests solely upon the proposition that time is of the very essence of the alleged offense and therefore it must be proved precisely as alleged.   It is true that time here is so far material as that the act complained of must be on Sunday, and this fact must be both alleged and proved.   But the materiality of the time should go much farther to make the legal proposition relied upon applicable to this case.   It must appear that the offense consists in the act being done on some particular Sunday.   It requires only the mere statement of the point to show the fallacy of the argument for the defendant.   It is quite obvious that if the crime may be committed on any Sunday during the year, the particular Sunday can be no more material than the particular day is in all those offenses that may be committed on any of the days of the year.

In the latter case all the authorities concede the general rule to be, that the act may be proved to have been committed

on any day not so remote as to be barred by the statute of limitations.  *State* v. *Munson*, 40 Conn., 475; *Commonwealth* v. *Dillane*, 11 Gray, 67.

In Massachusetts, on the trial of a complaint under a statute which prohibited keeping open a shop on the Lord's day, exceptions were taken to the ruling of the court, that proof of the offense need not be confined to the particular day of the month alleged, and that it would be sufficient if the jury were satisfied that the acts were done on the Lord's day.  But the Supreme Court held, Dewey, J., giving the opinion, that this ruling was correct.  *Commonwealth* v. *Harrison*, 11 Gray, 308.

The fact stated in the motion for a new trial, that the Attorney for the State at the opening of the case inquired of a witness if he was at the house of the defendant on the day specified in the first count, suggests a question not made in the argument—whether the state thereby elected to offer evidence of the act done on the particular Sunday alleged, and thereby waived the right to show that the offense was committed on any other day, so as to bring the case within the principle of *State* v. *Bates*, 10 Conn., 372, where, under an information for adultery, charging but one offense and that in a single count, the public prosecutor, having given evidence of one act of adultery, was held to be confined to that act. The same principle is applicable to certain civil actions sounding in tort, such as trespass to the person or to property, where, if the declaration contains but one count charging only one wrongful act, the plaintiff, after proving one assault or one act of trespass, cannot waive that and proceed to give evidence of another.

We do not think the principle referred to applicable to the circumstances of the case at bar.  The mere preliminary inquiry by the State's Attorney, whether the witness was at the defendant's house on the day specified, is by no means equivalent to the showing of an act done by the defendant on that day in wrongfully keeping open his house, and the defendant himself did not so regard it, for his motion for a new trial states explicitly "that no evidence was offered that

the place in question was kept open on the day specified." It would also be unreasonably rigid and technical to hold such an inquiry equivalent to an election of the precise day specified, so as to preclude the prosecutor from offering any evidence to show that the offense was committed on a different Sunday.

We think the ruling of the court was correct, and a new trial is not advised.

In this opinion the other judges concurred.