LAMOILLE COUNTY, AUGUST TERM, 1885.

[Continued from page 472, *ante.*]

STATE *v.* T. S. WHIPPLE.

*Criminal Law. Intoxicating Liquor. Pleading. Practice.
Twice in Jeopardy.* R. L. s. 3859.

1. The state's attorney on December 12, 1883, filed information charging that the respondent, " on the first day of January, A. D. 1882, at divers times, did sell, &c., intoxicating liquor," &c.; *Held,* that evidence was admissible to prove offenses committed between May 15, 1882, and December 12, 1883.
2. The respondent was not twice in jeopardy, although the state's attorney filed the information, based on the same charges which the grand jury had investigated, at the same term, and had failed to find an indictment.

INFORMATION filed by the state's attorney, December 12, 1883, charging the respondent with the illegal sale of intoxicating liquor. Trial by jury, April Term, 1885, POWERS, J., presiding. Verdict, guilty of three offenses.

*W. Brigham,* for the respondent, cited 11 Allen, 260; 11 Met. 573; 1 Gray, 462; 7 Gray, 494; 5 Allen, 513; 4 Gray, 11; 38 Vt. 37; 39 Vt. 370; 1 Bish. Cr. Proc. 390.

*H. M. McFarland,* for the State, cited 1 Bish. Cr. L. s. 856; Whar. Cr. L. s. 590; 52 Vt. 313; 1 Bish. Cr. Proc. 386; 26 Vt. 767; 1 Arch. Cr. Prac. 843; 41 Vt. 694; Heard Cr. Pl. 91.

The opinion of the court was delivered by

WALKER, J. The information filed in County Court charges that the respondent, " at Cambridge on the first day of January, A. D. 1882, at divers times did sell, furnish, and give away intoxicating liquors without authority," &c.

In the trial of the respondent therein, no evidence was introduced tending to show offenses committed before May 15, 1882; and the County Court, against the objection of the respondent, admitted testimony tending to show that the respondent sold, furnished, and gave away intoxicating liquors between the 15th day of May, 1882, and the 12th day of December, 1883; and he was found guilty of three offenses.

I. It is claimed by the respondent's attorney that the State was confined by the allegation of the information to proof of offenses committed on the *first* day of January, 1882; and that the admission of evidence tending to show offenses on other days was error.

It is a fundamental rule of criminal pleading that the material facts in an indictment or other criminal complaint must be averred with certainty as to time and place.

The form required by the statute for complaints and indictments under the liquor law requires the same certainty in averments as to time and place. This certainty in averments as to time is, perhaps, of more importance than the fact; for in ordinary cases the proof is not limited to the day alleged in the complaint. It is well settled that the time of committing an offense, except when time enters into the nature of the offense, or where the time is an essential element of the crime, may be laid and proved on any day previous to the finding of the bill of indictment, or the filing of the information or complaint, during the period within which under the statute it may be prosecuted, and that the proof is not limited to the day alleged. Wharton's Criminal Law, Vol. 1, s. 261; *State* v. *Munson*, 40 Conn. 475; *Commonwealth* v. *Dillane*, 11 Gray, 67; *State* v. *Brunker*, 9 Reporter, 207; s. c. 46 Conn. 327.

The proof need not correspond with the allegation as to time on an indictment or complaint for selling, furnishing, and giving away intoxicating liquors under the statute; for time is not of the essence or nature of the offense. The

question is, *whether* the criminal acts charged have been committed, and not *when.* The exact time is not material. It is sufficient if the offenses proved are not barred by the Statute of Limitations. The statute in relation to offenses of this character, R. L. s. 3859, regulates the mode of proceeding, and prescribes the form of complaint. And it further provides in s. 3860, that under an indictment, &c., in the form prescribed, every distinct act of selling, furnishing, and giving away may be proved. One count only is required for any number of offenses. The information in this case is in the form and language prescribed by the statute; and under it the statute, in terms, says every distinct act may be proved. The language of the statute clearly covers all offenses within the statutory period. Each distinct act of sale constitutes an offense; and the time is wholly immaterial, except it must be within the period limited by the statute. To constitute the offense it does not require a succession of sales as it would on an indictment for being a dealer, or a common seller. So both upon principle and upon the statute the evidence objected to was admissible.

II. The respondent objected to the admission of evidence and to being tried on this information, and claimed the whole proceedings were illegal and oppressive to him and without authority, because the offenses charged therein covered the same period of time for which the grand jury of the county had, at the same term of court and before filing of the information, investigated complaints and charges against him for the same crime and failed to find a bill of indictment against him.

Giving the respondent the benefit of what he claims; to wit, that the offenses charged in the information are the same that were investigated by the grand jury and for which they failed to find an indictment against him, he can take nothing by his exception, unless he has been twice in jeopardy for the same offense.

Was the investigation by the grand jury and their failure

to find an indictment a jeopardy? If it was not, then the respondent has not been twice in jeopardy for the same offense. The constitutional guaranty does not refer to the jeopardy created by the crime committed by the person, nor to the person's liability to indictment therefor; but to a prosecution commenced and carried on by the State. A person is not, in a legal sense, charged with a crime until an indictment is found and presented in court against him, or until a complaint or information is filed in court against him, upon which he may be arrested and brought into court.

A commencement of criminal proceedings is some form of presentment of a person in court for a crime. An investigation by a grand jury of accusations against a person for an offense and failure to find a bill is not a commencement of criminal proceedings, for it gives no cause or warrant for obtaining control of the person. It is well settled that the commencement of criminal proceedings against a person does not put him in jeopardy.

There is no jeopardy until the indictment is found, or complaint filed, the respondent arrested, jury empanelled to try him and sworn, and the case complete in all respects for trial. The jury is necessary to make the tribunal complete as concerns the respondent; and the respondent is not in jeopardy until it is complete. 1 Bish. Crim. Law, s. 1015.

It is well settled that the failure or refusal of a grand jury to find an indictment against a person, and that any criminal proceedings in court, pending or not, down to the time of trial by the jury, do not constitute a bar to another indictment for the same offense, 1 Bish. Crim. Law, s. 1014; *Commonwealth* v. *Miller*, 2 Ashm. 61; *Reg.* v. *Newton*, 2 Moody & R. 503; *Commonwealth* v. *Drew*, 3 Cush. 279; *People* v. *Fisher*, 14 Wend. 9; *Harriman* v. *State*, 2 Greene, (Iowa) 270.

It was held in *State* v. *Champeau*, 52 Vt. 313, that a *nolle prosequi* entered, at any stage of the trial before verdict, by

order of the court, was not a bar to another indictment for the same offense.

We think the respondent was not brought into jeopardy twice for the same offense by being put to trial on the information in this case, and that his trial thereon was legal.

The result is the respondent's exceptions are not sustained, and he takes nothing thereby.