JACKSON *v*. THE STATE.

1. On the trial of an indictment under section 4578 of the code against the officer of a railroad company having in charge the transportation department thereof, which alleges that a freight-train was run on Sunday and specifies a particular day of a particular month in a given year, evidence is admissible that the train was run on a Sunday corresponding to any day of any month within two years preceding the finding of the bill of indictment; and proof of guilt on any Sunday to which the evidence applies, will warrant a conviction, though there be no evidence touching the particular Sunday designated by the letter of the indictment.

2. If there was any legal excuse or justification for running the train on Sunday, the burden of proving the same was on the accused.

3. If the act of February 28th, 1874 (Code, §4578), is to be construed as allowing freight-trains not carrying live-stock to be run in any case after eight o'clock on Sunday morning, such running is lawful only when the given train has been actually started on or before the previous Saturday night. A freight-train not started on its schedule until 12 : 50 A. M. of Sunday morning cannot be lawfully run either before or after eight o'clock of that day.

4. Whether tested by the evidence adduced at the trial or that which could have been adduced according to the showing made on the motion for a new trial, the verdict of the jury was correct, and the court did not err in overruling the motion.

March 26, 1892. Argued at the last term.

Criminal law. Sunday freight-train. Evidence. *Onus*. Before Judge ATKINSON. Pierce superior court. March term, 1891.

Reported in the decision.

S. T. KINGSBERY and J. C. NICHOLLS, for plaintiff in error.

W. G. BRANTLEY, solicitor-general, *contra*.

SIMMONS, Justice.

The indictment alleged that the defendant " on the 3d day of March, Anno Domini eighteen hundred and eighty-nine, was the officer of a railroad company, to wit the Savannah, Florida & Western Railway Company, having in charge the department of transporta-

tion of the railroad of said railroad company ; and be-
ing such officer, a freight-train, in the State and county
aforesaid (Pierce), on the date aforesaid, was run and
did run on the railroad of said railroad company on the
Sabbath day, known as Sunday, contrary to the laws of
said State," etc.    This indictment was found at the
March term, 1889.    Upon the trial there was no evi-
dence as to the commission of the offence on the day of
the month set out in the indictment, but the testimony
showed that on a Sunday, and within two years prior
to the finding of the indictment, to wit on the 17th of
February, 1889, a freight-train was run on said rail-
road.    To this testimony the defendant objected, on the
grounds that the date charged in the indictment was
the 3d of March, and that the admission of such testi-
mony was a surprise to the defendant.    The objection
was overruled, and the defendant then asked for "leave
to withdraw the case from the jury," and for time to
get witnesses to prove the circumstances under which
the train was run on the 17th of February, his counsel
stating to the court that the master of transportation
and the train dispatcher had looked up the exact cir-
cumstances connected with the running of the train on
the 3d of March; that this train was run in accordance
with the law ; that they did not know as to this other
train, because they had not been advised as to this
charge and therefore had not examined the records.
This motion also was overruled; and both these rulings
are assigned as error.    It is further complained that the
court erred in charging as follows : " If you should be-
lieve from the evidence that in the county of Pierce,
upon the day named in this bill of indictment or upon
any Sunday within two years next before the finding of
this bill of indictment, the Savannah, Florida & Western
Railway Company caused a train to be run over its rail-
road by its employees, it would be your duty to convict

the defendant, unless it should appear from the evidence that such freight-train was run in direct violation of the orders and rules of the defendant, the superintendent of transportation of this railroad company"; the said charge being contrary to law and objectionable because the time laid in the indictment was Sunday, the 3d day of March, 1889.

1. There was no error in the instruction above set out, nor in the overruling of the defendant's motions, upon the grounds stated. As a general rule, a different day from the one laid in the indictment may be proved, provided it be within the period prescribed by the statute of limitations. To this rule there are certain exceptions, and it was insisted for the defendant that the present case is within the exceptions, because time is of the essence of the offence, and because the precise date is necessary to ascertain and determine with precision the offence charged or the matter alleged in excuse or justification. But while it is true that time is of the essence of this offence, it is so only to the extent that the act must be on Sunday. When it is shown that the act was on Sunday, the day of the month is not essential in order to make out the offence. This point is well settled. In Wharton on Criminal Evidence, §106, it is said: "The proof of any Sunday, before the finding of the bill and within the statute of limitations, is sufficient; and if this proof be made, a variance as to the day of the month is immaterial." See also Bishop, Crim Proced. §399; Ringgold, Law of Sunday, 187; Harris, Sunday Laws, §298. And to the same effect see State v. Brunker, 46 Conn. 327, Commonwealth v. Harrison, 11 Gray, 308, and Frasier v. State, 5 Mo. 536. It was not controverted that the defendant was superintendent of the railroad for two years preceding the indictment, as well as on the date named therein.

2. Another ground of the motion for a new trial is,

that the court charged thus: "If you should find that such train was so run on such Sunday, you will be authorized to infer that such freight-train was run in violation of the law, unless it should appear from the evidence that it was loaded with live-stock, or that it was delayed beyond its schedule time and simply run to the point of destination"; this instruction being objected to upon the ground that it deprived the defendant of the presumption of innocence which the law continues in favor of the accused until it is overcome by competent testimony, the allegations in the indictment or the testimony adduced on the trial not being sufficient in law to authorize his conviction. The court did not err in overruling this ground of the motion. The State is not required, in order to make out a *prima facie* case, to negative such matter of justification as, under the exceptions and provisos of the statute, the accused is permitted to set up. The statute itself declares that it shall only be necessary to show "the simple fact of the train being run." Code, §4578. If there was any legal excuse or justification, the burden of proving the same was on the accused.

3. It is further alleged that a new trial ought to have been granted because it appeared at the hearing of the motion, by affidavits to which were attached copies of the schedules of the railroad company and of the reports made by the freight-train conductors as required by rule, that the schedule time for arrival of the freight-train of the 17th of February was before eight o'clock on Sunday morning, but it was delayed on the way by an unavoidable accident and other necessary causes; which facts the defendant could and would have shown if he had been allowed the time asked for on the trial, after the witness for the State was permitted to testify as to the running of a freight-train on that day. So far as these affidavits are intended to show that the time asked for should have been allowed, it is unnecessary to discuss

them, for we have already ruled that the court did not err on that ground. But even if the matter of these affidavits had been proved at the trial, it could not have operated to justify the defendant, for it appears from the affidavits themselves that this train was not started on its schedule until 12:50 o'clock on Sunday morning. If the act of February 28th, 1874 (Code, §4578), is to be construed as allowing freight-trains not carrying live-stock to be run in any case after eight o'clock on Sunday morning, such running is lawful only when the given train has been actually started on or before the previous Saturday night. A freight-train not started on its schedule until Sunday cannot be lawfully run either before or after eight o'clock of that day. The language of the statute is: "It shall be lawful for all freight-trains . . . running over said roads on *Saturday night* to run through to destination, provided the time of arrival, according to the schedule by which the train or trains started on the trip, shall not be later than eight o'clock on Sunday morning."

4. Whether tested by the evidence adduced on the trial or that which could have been adduced according to the showing made in the motion for a new trial, the verdict of the jury was correct, and the court did not err in overruling the motion.          *Judgment affirmed.*