BARBARA Z. WICHMAN *v.* KENNETH L. WICHMAN
(AC 17433)

Spear, Sullivan and Freedman, Js.

Argued April 2—officially released July 28, 1998

Helen M. Kemp, for the appellant (defendant).

Suzanne E. Caron, for the appellee (plaintiff).

*Opinion*

FREEDMAN, J. The defendant appeals from the judgment of the trial court denying his motion to modify an alimony award. The defendant claims that the trial court (1) acted in an "ultra vires" manner when it denied his motion to modify on the ground that General Statutes § 46b-86 (b) predated the parties' judgment, (2) improperly determined that cohabitation had to be a specific ground for modification of alimony in light of the express purpose and legislative history concerning § 46b-86 (b) and the facts of this case and (3) improperly determined that it had no jurisdiction to modify the original judgment. We disagree and, accordingly, affirm the judgment of the trial court.

The following facts are not in dispute. The marriage of the parties was dissolved by judgment dated May 20, 1980. The dissolution judgment provides in relevant part that "[t]he husband shall pay to the wife as alimony the sum of $150 per week until such time as the wife remarries or dies; said alimony to be nonmodifiable." On March 12, 1997, the defendant filed a motion for modification of alimony on the ground that the plaintiff had been cohabiting with another person for several

years in her home resulting in a change in the circumstances of the parties. The trial court denied the motion to modify, reasoning as follows: (1) the provisions of § 46b-86 (b) predate the parties' judgment, (2) the fact of cohabitation was not a basis for modification under the terms of the judgment and, therefore, (3) the court had no jurisdiction to modify the alimony provision. The defendant appeals from that decision.

## I

The defendant claims that the trial court acted in an "ultra vires" manner when it denied the defendant's motion to modify on the ground that § 46b-86 (b),[1] which permits modification based on cohabitation, predated the parties' judgment. The trial court, however, did not deny the defendant's motion to modify on the ground that § 46b-86 (b) predated the parties' judgment. The trial court, rather, used that fact as part of its reasoning in denying the defendant's motion to modify.

Section 46b-86 (b) was enacted in 1977. Public Acts 1977, No. 77-394. The parties' marriage was dissolved by judgment dated May 20, 1980. The trial court that rendered the judgment of dissolution, therefore, in enumerating the circumstances under which the judgment could be modified, clearly had the authority to include cohabitation as a ground for modification in the original judgment and elected not to do so. That court, rather, limited the grounds for which the judgment could be

---

[1] General Statutes § 46b-86 (b) provides: "In an action for divorce, dissolution of marriage, legal separation or annulment brought by a husband or wife, in which a final judgment has been entered providing for the payment of periodic alimony by one party to the other, the Superior Court may, in its discretion and upon notice and hearing, modify such judgment and suspend, reduce or terminate the payment of periodic alimony upon a showing that the party receiving the periodic alimony is living with another person under circumstances which the court finds should result in the modification, suspension, reduction or termination of alimony because the living arrangements cause such a change of circumstances as to alter the financial needs of that party."

modified to remarriage or death. Otherwise, the judgment was nonmodifiable. The defendant never requested that the trial court correct the judgment to allow for modification based on cohabitation.[2] Rather, seventeen years after the original judgment, the defendant filed a motion to modify based on cohabitation.

In denying the motion to modify, the trial court, therefore, properly considered the fact that § 46b-86 (b) was in existence at the time of the parties' judgment.

## II

The defendant also argues that the trial court improperly decided that cohabitation had to be a specific ground for modification of alimony under the terms of the judgment. The defendant claims that the only criteria for modification are those contained in § 46b-86 (b), regardless of whether the judgment is made modifiable only in certain enumerated circumstances that do not include the cohabitation of one of the parties. We disagree.

According to the defendant, the legislative history of § 46b-86 (b) supports the conclusion that cohabitation need not be a specific ground for the termination of alimony for that section to apply. We agree that § 46b-86 (b), the so-called cohabitation statute, "was enacted four years after § 46b-86 (a) to 'correct the injustice of making a party pay alimony when his or her ex-spouse is living with a person of the opposite sex, without marrying, to prevent the loss of support.' H.B 6174, 1977 Sess. (Statement of Purpose)." *Connolly* v. *Connolly*,

---

[2] It should be noted that although the plaintiff filed a motion to open the judgment requesting clarification of certain issues that were not decided in the trial court's original decision, the defendant did not seek to open the judgment to include cohabitation as a condition that would allow the modification of alimony. An amended memorandum of decision was issued by the trial court on August 1, 1980. The amended decision makes no reference to the defendant's alimony obligation.

191 Conn. 468, 473–74, 464 A.2d 837 (1983). We find nothing in the legislative history cited by the defendant, however, that would permit the trial court to modify a judgment based on cohabitation when the judgment itself precludes modification for any reason other than remarriage or death.

The defendant additionally claims that his position is supported by *Kaplan* v. *Kaplan*, 186 Conn. 387, 441 A.2d 629 (1982). *Kaplan*, however, is easily distinguishable from the present case because in *Kaplan*, the dissolution judgment at issue did not contain a nonmodification provision such as the one in the present case. In *Kaplan*, the defendant wife received periodic alimony in the amount of $200 per week to continue until either her remarriage or the plaintiff's death. Id., 388. The plaintiff husband filed a motion for modification of alimony under the authority of § 46b-86 (b), alleging that the defendant was living with another person under circumstances " 'tantamount to remarriage.' " Id., 388–89. The trial court in *Kaplan* concluded, inter alia, that the defendant was not living with another individual and, therefore, denied the plaintiff's motion. Id., 390. On appeal, the Supreme Court stated that "[s]ection 46b-86 (b) was clearly intended by the General Assembly to apply to the situation alleged by the plaintiff." Id., 389–90. The Supreme Court, however, upheld the trial court's denial of the motion to modify based on the factual finding of the trial court that the defendant was not living with another individual. Id., 391–92. Because there was no provision in *Kaplan* precluding modification, neither the trial court nor the Supreme Court was required to address whether the judgment could be modified when such a provision exists.

The judgment between the parties in the present case precludes modification for any reason other than remarriage or death. The trial court, therefore, correctly concluded that cohabitation was not one of the stated reasons for which modification was permitted.

## III

The defendant finally argues that under the circumstances of this case, §§ 46b-86 (a)[3] and 46b-86 (b) must be read together to determine whether the court has jurisdiction to modify the alimony order. The defendant's argument regarding these two sections is as follows. "[T]he 1980 judgment is modifiable based on the remarriage of [the plaintiff]. As 'remarriage' allows modification of the alimony order, and as cohabitation was alleged, at this point section 46b-86 (b) 'steps in' to allow a court to assert jurisdiction in order to conduct a hearing on the issue of whether the alimony order should be modified." Thus, the defendant argues that the Superior Court has jurisdiction to modify a dissolution judgment if (1) the judgment allows termination based on remarriage and (2) the person seeking the modification can show that the other party is living with another person and that this cohabitation causes a change in the circumstances that alters the financial needs of the party receiving the alimony. We disagree.

Before we begin our examination of the relevant statutes, we note that "statutes must be construed, if possible, such that no clause, sentence or word shall be superfluous, void or insignificant, and that every sentence, phrase and clause is presumed to have a purpose." *Hopkins* v. *Pac*, 180 Conn. 474, 476, 429 A.2d 952 (1980).

Section 46b-86 (a) provides in relevant part that "[u]*nless and to the extent that the decree precludes modification,* any final order for the periodic payment

---

[3] General Statutes § 46b-86 (a) provides in relevant part: "Unless and to the extent that the decree precludes modification, any final order for the periodic payment of permanent alimony or support or an order for alimony or support pendente lite may at any time thereafter be continued, set aside, altered or modified by said court upon a showing of a substantial change in the circumstances of either party . . . ."

of permanent alimony or support or an order for alimony or support pendente lite may at any time thereafter be continued, set aside, altered or modified by said court upon a showing of a substantial change in the circumstances of either party . . . ." (Emphasis added.) "This statute clearly permits a trial court to make periodic awards of alimony nonmodifiable." *Sheehan* v. *Balasic*, 46 Conn. 327, 330, 699 A.2d 1036 (1997), appeal dismissed, 245 Conn. 148, 710 A.2d 770 (1998). It also "provides for continuing jurisdiction over alimony awards, *absent a provision in the decree to the contrary.*" (Emphasis added.) *Rau* v. *Rau*, 37 Conn. App. 209, 211, 655 A.2d 800 (1995). Section 46b-86 (b) provides in relevant part that "the Superior Court may, in its discretion and upon notice and hearing, modify such judgment and suspend, reduce or terminate the payment of periodic alimony upon a showing that the party receiving the periodic alimony is living with another person under circumstances which the court finds should result in the modification, suspension, reduction or termination of alimony because the living arrangements cause such a change of circumstances as to alter the financial needs of that party."

As previously noted, the judgment of dissolution provides in relevant part that "[t]he husband shall pay to the wife as alimony the sum of $150 per week until such time as the wife remarries or dies; said alimony to be nonmodifiable." Thus, the judgment in the present case clearly precludes modification for any reason other than remarriage or death. "Provisions that preclude modification tend to be disfavored. . . . When a provision in a divorce decree that precludes or restricts a later court's power to modify financial orders is clear and unambiguous, however, that provision will be upheld." (Citation omitted.) *Breen* v. *Breen*, 18 Conn. App. 166, 171, 557 A.2d 140, cert. denied, 212 Conn. 801, 560 A.2d 984 (1989).

The defendant basically argues that a court has jurisdiction to modify a judgment of dissolution based on cohabitation under § 46b-86 (b) even though the judgment itself is nonmodifiable under § 46b-86 (a) except for remarriage or death. This interpretation would render meaningless the language, "[u]nless and to the extent that the decree precludes modification," contained in § 46b-86 (a). Furthermore, a similar argument was made and rejected by this court in *Sheehan* v. *Balasic*, supra, 46 Conn. App. 327. In *Sheehan*, the defendant claimed that while a nonmodification clause precludes modification of an alimony award pursuant to § 46b-86 (a), such a clause does not preclude modification pursuant to § 46b-86 (b). Id., 328–29. We rejected this argument, noting that our Supreme Court has not held "that nonmodifiable awards may be modified pursuant to § 46b-86 (b)." Id., 331.

The trial court, therefore, properly determined that it had no jurisdiction to modify the judgment based on cohabitation when the decree unambiguously precludes modification for any reason other than remarriage or death.

The judgment is affirmed.

In this opinion the other judges concurred.