[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: RULING ON MOTION TO TERMINATE ALIMONY
In the present matter, the defendant, Robert D. Molnar, through pleading dated November 19, 1999, has moved the court for modification of a judgment of dissolution. Specifically, the defendant seeks to terminate CT Page 9645 his obligation to pay alimony to his former spouse based upon General Statutes § 46b-86 (b), specifically, cohabitation[1] On June 5, 2000, a hearing was held on this motion. The parties introduced evidence consisting of the testimony of witnesses and the introduction of numerous exhibits. Thereafter, the parties filed written memoranda articulating their viewpoints. The plaintiff, Ms. Molnar, has taken the position that the court lacks jurisdiction to terminate the alimony because the judgment is nonmodifiable for cohabitation. She also maintains that there has been no "change of circumstances" since the date of the judgment which alters her financial needs.
A review of the record discloses that a judgment of dissolution of marriage was rendered on December 3, 1998, following an uncontested hearing. Incorporated into the judgment was a stipulated agreement of the parties. The agreement provides in relevant part: "The husband is to pay the wife $400 every two weeks until July 1, 2001. . . The $400 biweekly maintenance is to cease upon the wife's remarriage."
General Statutes § 46b-86 (a) provides: "Unless and to the. extent that the decree precludes modification, any final order for the periodic payment of permanent alimony or support or an order for alimony. . . may at any time thereafter be continued, set aside, altered or modified by said court. . . ." General Statutes § 46b-86 (b), providing for modification in the event of cohabitation, was first enacted in 1977, Public Acts 1977, No. 77-394, predating the parties' judgment by approximately 21 years. The parties stipulated to the terms of their dissolution agreement. This agreement was incorporated by the court into the judgment. Pursuant to the terms of that judgment, alimony is to be terminated on July 1, 2001, or upon the plaintiff's remarriage. Notwithstanding the fact that the parties and the court had, the authority to include cohabitation as a ground for modification or termination in the 1998 judgment of dissolution, they chose not to do so.
"When a judgment incorporates a separation agreement in accordance with a stipulation of the parties, it is to be regarded and construed as a contract." Greenburg v. Greenburg, 26 Conn. App. 591, 595, 602 A.2d 1056
(1992). "The contract must be construed to give effect to the intent of the contracting parties. . . . This intent must be determined from the language of the instrument and not from any intention either of the parties may have secretly entertained. . . . [I]ntent . is to be ascertained by a fair and reasonable construction of the written words and . . . the language used must be accorded its common, natural, and ordinary meaning and usage where it can be sensibly applied to the subject matter of the contract. . . CT Page 9646
When the language is clear and unambiguous, however, the contract is to be given effect according to its terms. . . . In such a case, no room exists for construction." Id., 596.
The clear and unambiguous language of the subject agreement demonstrates that the parties provided for the termination of the alimony payments upon the occurrence of two events only: July 1, 2001 or the plaintiff's remarriage. "Provisions that preclude modification tend to be disfavored. . .When a provision in a divorce decree that precludes or restricts a later court's power to modify financial orders is clear and unambiguous, however, that provision will be upheld. . . ." Wichman v.Wichman, 49 Conn. App. 529, 535, 714 A.2d 1274 (1998), cert. denied,246 Conn. 910, 719 A.2d 906 (1998). As further evidence of the parties' intent that the judgment preclude modification on bases other than those specified, the court finds that, based upon the credible evidence produced at the hearing, both parties were aware of the plaintiff's cohabitation with her male companion at the time they stipulated to the agreement and the judgment was ordered by the court. The plaintiff continues to reside with that same individual. A finding that the parties intended to include cohabitation as a basis of modification would have illogical and unintended results; the agreed upon alimony payments might never have begun because the plaintiff was cohabitating at the time of the judgment.[2]
Even assuming that the court had the authority to modify the judgment in the event of cohabitation, the evidence produced at the hearing would not support modification. Subsequent to a finding of cohabitation, General Statutes § 46b-86 (b) further requires the court to find that "the living arrangements cause such a change of circumstances as to alter the financial needs of that party." As previously indicated, the plaintiff was cohabitating at the time of the judgment, which fact was known to the defendant. The plaintiff continues to reside with that same individual. The defendant did not present sufficient evidence to prove that the plaintiff's financial needs at the present time have been altered from her needs at the time of the judgment as a result of her cohabitation.
The parties and the court articulated in the judgment of dissolution the two events which would terminate the obligation to pay periodic alimony. In a clear and unambiguous manner, the terms of the judgment do not provide for termination based upon cohabitation. This court will give effect to the intention of the judgment. Furthermore, the defendant failed to present evidence that would support a finding of a change in circumstances as to alter the financial needs of the plaintiff. Accordingly, the court will not modify alimony based upon cohabitation.[3] The motion is therefore denied. CT Page 9647
So ordered.