[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ARTICULATING THE GRANT OF PLAINTIFF'S MOTION TO STRIKE (#174)
The marriage of the parties was dissolved by decree of this court on June 16, 1999. Incorporated therein was the Agreement of the parties dated June 15, 1999. Both of them were represented by counsel. At the time of the decree, they had four minor children, John and Julia, twins then aged 15, but who have now reached majority, Jane, aged 13 1/2, and Jenny, nearly 12. Said Agreement contained comprehensive custody and visitation provisions set forth in seven (7) separate paragraphs covering two and one-half (2 1/2) pages. Perhaps a better indicator of the relative weight accorded to it by the parties, was the fact that the provision for unallocated alimony and support was set forth in twenty-four (24) separate paragraphs covering seven and one-half (7 1/2) pages.
On June 9, 2001, the defendant father ("father") filed a Motion for Child Support (#151), basing his request upon the fact that the youngest child lived with him full-time, and that the next oldest resided with him when she came home from boarding school. On September 25, 2001, the plaintiff mother ("mother") filed a Motion to Dismiss (#159) citing lack of subject matter jurisdiction. The court denied this motion on February 4, 2002. The mother then filed the instant Motion to Strike (#174) dated September 12, 2002, citing two grounds: (1) the provisions of the Agreement itself, in particular paragraph 3.23[1] thereof, and (2) the "contemplation doctrine" enunciated by the Connecticut courts. The father filed an objection thereto. The parties were heard by this court on September 30, 2002, at which time the Motion to Strike was granted and the Objection overruled. An appeal by the father followed, and he has requested an articulation by this court pursuant to P.B. § 25-20.[2]
A motion to strike tests the legal sufficiency of a pleading. P.B.§ 25-16; R K Constructors, Inc. v. Fusco Corp., 231 Conn. 381, 383
(1994). Where, as here, a motion to strike contains more than one ground, the court is required to issue a written decision articulating CT Page 15334-ho the basis of its ruling. P.B. 25-20. Since the interpretation of the contract formed the basis of the court's decision, it is dispositive, and therefore the court will not address the "contemplation doctrine" raised by the mother.
Where a separation agreement has been incorporated by reference in the decree, "a judgment rendered in accordance with such a stipulation of the parties is to be regarded and construed as a contract." O'Bryan v.O'Bryan, 67 Conn. App. 51, 55 (2001), Cert. Granted, 259 Conn. 911
(2002). Moreover, a "contract is to be construed as a whole and all relevant provisions will be considered together. . . . [and] Where the language of the contract is clear and unambiguous, the contract is to be given effect according to its terms." Barnard v. Barnard, 214 Conn. 99,109-10 (1990).
It is well-settled that where an order for unallocated alimony and child support has been entered "that some portion of the order is attributable to the payor's obligation to support the child." Kolkmeyerv. Kolkmeyer, 18 Conn. App. 336, 341 (1989). Under the terms of the agreement of the parties, the father is to pay unallocated alimony and child support, and it is the mother's obligation thereunder to apply a portion of the monies for the support of the minor children.[3]
Furthermore, "implicit in such order [is] the contemplation that when the child attains majority the trial court, upon motion of either party, must conduct a hearing to ascertain what part, if any, of the order is then attributable to child support and it must modify the order to reflect the same." Matles v. Matles, 8 Conn. App. 76, 81 (1986). In this case, while the parties have made no such specific provision to modify the unallocated alimony and child support order upon any child reaching his or her majority, however they did consider the possibility that thealimony portion of the award might terminate while one or more of the children were still minors.[4] Hence, it is very clear that the parties themselves viewed the order as having both an alimony and a child support component, and, more important, that the father has an obligation to provide child support regardless of the residence of the children. Accordingly, the father's filing of a motion seeking child support from the mother is, in essence, a motion for modification, the net result of which, if granted, would be a shifting of his legal burden and a reduction in the monies available to the mother.[5] His claim to the contrary is disingenuous. Regardless of the label a party attaches to a motion, the court should examine the "practical effect" of same. Jaserv. Jaser, 37 Conn. App. 194, 201-203 (1995) (motion to reargue treated as a motion for modification); Rome v. Album, 73 Conn. App. 103, 111-112
(2002) (motion to clarify treated as a motion to open and correct);Borkowski v. Borkowski, 228 Conn. 729, 734-35 (1994) (Court treated a CT Page 15334-hp motion to terminate child support as a motion for modification and placed the statutory burden on payor to demonstrate a substantial change of circumstances).
In general, where a party seeks a modification of the terms of an agreement, such a change must be based upon a substantial change of circumstances since the date of the last order. Borkowski, 740-41. However, where the agreement is "clear and unambiguous," modification can be limited or precluded altogether, as the case may be. General Statutes § 46b-86 (a); Breen v. Breen, 18 Conn. App. 166, 171 (1989); Wichmanv. Wichman, 49 Conn. App. 529, 535 (1998). The parties clearly and unambiguously provided that "the children ceasing to principally reside with the Wife shall not be a substantial change in circumstances."
A party seeking a modification post dissolution must set forth the "specific factual and legal basis for the claimed modification." P.B. § 25-26 (e). The defendant father has set forth as the sole basis in support of his plea, the change of residence of two of the minor children.
For the reasons set forth above, this is legally insufficient, and the Motion to Strike is HEREBY GRANTED and the Objection thereto is HEREBY OVERRULED.
THE COURT
 ___________________ SHAY, J.