BONITA R. FLYNN *v.* WILLIAM L. FLYNN, SR.
(4021)

DUPONT, C. J., HULL and DALY, Js.

Argued April 30—decision released June 17, 1986

*Daniel V. Presnick,* for the appellant (defendant).

*David R. Sirois,* for the appellee (plaintiff).

PER CURIAM. In this appeal from a judgment dissolving the twenty-three year marriage of the parties, the defendant husband claims that the trial court erred in abusing its discretion (1) in awarding periodic alimony to the plaintiff wife in the amount of $50 per week, terminable upon death or remarriage, and (2) in ordering the defendant to pay the private school tuition of his minor children.

During the marriage, the parties had two children, both of whom had attended parochial school since kindergarten. The defendant had always paid for their tuition.

The defendant's first claim of error is that the trial court abused its discretion in its periodic alimony award. In his brief, the defendant "concedes that he bears a heavy burden in attacking an award of alimony which is based on the sound discretion of the trial court." In order to conclude that the trial court abused its discretion in making its alimony award to the plaintiff, we must find that the court either incorrectly applied the law or could not have reasonably concluded as it did. *Leo* v. *Leo,* 197 Conn. 1, 4, 495 A.2d 704 (1985); *Carpenter* v. *Carpenter,* 7 Conn. App. 112, 114, 507 A.2d 526 (1986). A review of the record shows that the court's award was not an abuse of discretion.

The defendant's other claim of error is that the trial court erred in ordering him to pay the private school tuition of his minor children. The defendant objects to the trial court's order on two grounds. First, he claims that, due to his alleged financial difficulties, he is unable to pay for private education, which he considers to be unnecessary since the state provides publicly funded schools which are adequate to meet the educational

needs of the children in this case. Second, the defendant argues that, even if he were financially able to make the tuition payments, the trial court could not order the defendant to pay for parochial school education because such an order would violate article first, § 3, and article eighth, § 1, of the constitution of the state of Connecticut. The defendant attempts to characterize the court's order requiring payment of parochial school tuition as "direct religious payments to secure religious training which is used to support the advancement of said religion." He has provided no record to indicate that such an argument was made to the trial court. Furthermore, the court's order did not provide that the payment be made directly to a parochial school and did not indicate a preference for any particular religion.

A trial court has the power to direct one or both parents to pay for private schooling, if the circumstances warrant, and may exercise that power in its sound discretion, giving consideration to all of the circumstances, including the financial ability of the parties, the availability of public schools, the schools attended by the children prior to the divorce and the special needs and general welfare of the children. *Cleveland* v. *Cleveland*, 161 Conn. 452, 461, 289 A.2d 909 (1971), appeal after remand, 165 Conn. 95, 328 A.2d 691 (1973); see also *Hardisty* v. *Hardisty*, 183 Conn. 253, 262–64, 439 A.2d 307 (1981); note, 36 A.L.R. 3d 1093. In this case, evidence was presented that the children had attended parochial schools since kindergarten, that the defendant had paid for this education, and that he would prefer that they continue to remain in such schools but that he could not afford the tuition. This is in contrast to the situation presented in *Hardisty* v. *Hardisty*, supra, 264–65, where there was no history of the child having attended private school and no showing that the defendant ever agreed to or approved of private edu-

cation for his child. There is in this case no evidence as there was in *Hardisty* of a good faith dispute about the educational needs of a child. The defendant's purported constitutional challenge to the trial court's order is similarly unpersuasive. The order requiring the payment of tuition for parochial school education in no way implicates the constitutional provisions cited by the defendant. Instead, the order merely authorized a payment by the defendant for the education of his children. The trial court was authorized to make such an order under General Statutes § 46b-56 (a).

There is no error.