JOAN ANN PALAZZO *v.* PHILIP J. PALAZZO, JR.
(4270)

HULL, BORDEN and DALY, Js.

Argued November 14, 1986—decision released January 20, 1987

*Stuart M. Roth,* with whom, on the brief, was *Edith S. Rosen,* for the appellant (defendant).

*Dianne M. Andersen,* with whom, on the brief, was *Marcella Gereg,* for the appellee (plaintiff).

DALY, J. There are two issues in this appeal by the defendant from the judgment dissolving the marriage of the parties and from the subsequent order finding him in contempt. They are (1) whether the trial court abused its discretion in its awards of alimony, child support and attorney's fees, and (2) whether the court's subsequent citing of the defendant for contempt for failure to make those payments and ordering him incar-

cerated until the entire arrearage was paid, was an abuse of discretion.[1]

In May, 1985, a judgment of dissolution was rendered which provided in part that the defendant was to pay the plaintiff $2000 per month alimony, $550 per month for each of three minor children residing with her,[2] plus attorney's fees in the amount of $5000.

The trial court found that the plaintiff, who had completed one year of secretarial school prior to marrying the defendant in 1969, had been a full-time homemaker since the birth of their first child in 1970. The court determined that the plaintiff's employment prospects were bleak since she was hampered by outmoded secretarial skills, lower back problems and the full care and responsibility of a child who was two years old at the time of the dissolution. The court further found that the defendant was and had been engaged in the landscaping business since 1974, operating both a New York and a Connecticut corporation. The defendant was the sole shareholder of each. Corporate funds were used to pay for personal expenses, vacations, and country club memberships. Some cash income was never reported. The 1982 reported gross income before taxes from the landscaping business was only $80,308. Nevertheless, $75,538 was deposited in the defendant's personal account during an eleven month period of 1982. The parties maintained a very high standard of living. In 1983, the defendant had a ten bedroom, six bathroom home built. The mortgage application for that home claimed a gross monthly income of over $10,000. The trial court concluded that the defendant's earnings for the years 1982 and 1983 were at least $90,000 per year.

[1] The defendant was released from custody after having purged himself of contempt. Thus, this issue is moot.

[2] The couple's two other children were to reside with the defendant.

The defendant contended that the corporation's income had declined since it no longer engaged in residential landscaping. As a result, he argued, his personal income was reduced and he was forced to obtain loans, which were still outstanding. The court found, however, that the defendant deposited over $4000 in February and over $9000 in March, 1985, into a personal account. Thus, it did not believe significant portions of the defendant's testimony.

A trial court is endowed with broad discretion in domestic relations cases. Our review of such decisions is confined to two questions: (1) whether the court correctly applied the law, and (2) whether it could reasonably have concluded as it did. *Leo* v. *Leo,* 197 Conn. 1, 4, 495 A.2d 704 (1985); *Flynn* v. *Flynn,* 7 Conn. App. 745, 746, 510 A.2d 1005 (1986). As an appellate court, we do not review the evidence to determine whether a conclusion different from the one reached could have been reached. *Pandolphe's Auto Parts, Inc.* v. *Manchester,* 181 Conn. 217, 221, 435 A.2d 24 (1980). The goal of our analysis is simply to decide whether the trial court's conclusion was reasonable. The trial court has the advantage of viewing and assessing the demeanor, attitude and credibility of the witnesses and is therefore better equipped than we to assess the circumstances surrounding the dissolution action. Thus, we do not retry the facts. *Leo* v. *Leo,* supra; *Koizim* v. *Koizim,* 181 Conn. 492, 498, 435 A.2d 1030 (1980). In this case, the trial court commented on the defendant's credibility in its memorandum of decision: "His testimony is riddled with inconsistency and contradiction to the point of rendering it incredible." The trial court concluded that through the manipulative use of corporate funds, the defendant maintained a lifestyle disproportionate to the amount of his claimed net monthly income. "Where a party through his own wrongful conduct limits the financial evidence available to the court,

that party cannot complain about the resulting calculation of a monetary award." *Vaiuso* v. *Vaiuso,* 2 Conn. App. 141, 149–50, 477 A.2d 678, cert. denied, 194 Conn. 807, 482 A.2d 712 (1984). We conclude that the trial court made its alimony and support awards by correctly applying the law after carefully reviewing the evidence presented. *Beede* v. *Beede,* 186 Conn. 191, 194, 440 A.2d 283 (1982). Its factual findings are not clearly erroneous nor is the decision otherwise erroneous in law. Practice Book § 4061 (formerly § 3060D); *Pandolphe's Auto Parts, Inc.* v. *Manchester,* supra.

Similarly, the trial court's award of counsel fees to the plaintiff did not constitute an abuse of discretion. The statutory criteria governing counsel fees are found in General Statutes §§ 46b-62[3] and 46b-82.[4] Our Supreme Court has held that "in the exercise of a trial court's discretion regarding an award of counsel fees, 'the availability of "sufficient cash" to pay one's attorney's fees is not an absolute litmus test . . . . [A] trial court's discretion should be guided so that its decision regarding attorney's fees does not undermine its purpose in making any other financial award.' . . . Taking into account the totality of the circumstances reflected in the financial awards as a whole, we cannot find that the trial court abused its discretion and acted

---

[3] General Statutes § 46b-62 provides in pertinent part that "the court may order either spouse to pay the reasonable attorney's fees of the other in accordance with their respective financial abilities and the criteria set forth in section 46b-82."

[4] General Statutes § 46b-82 provides in pertinent part: "In determining whether alimony shall be awarded, and the duration and amount of the award, the court shall hear the witnesses, if any, of each party . . . shall consider the length of the marriage, the causes for the . . . dissolution of the marriage . . . the age, health, station, occupation, amount and sources of income, vocational skills, employability, estate and needs of each of the parties and the award, if any, which the court may make pursuant to section 46b-81, and, in the case of a parent to whom the custody of minor children has been awarded, the desirability of such parent's securing employment."

unreasonably in granting the [plaintiff's] request for counsel fees. Although the alimony awarded to the [plaintiff] provided her with liquid assets, the trial court could reasonably have concluded that it wanted to preserve those assets for the [plaintiff's] use without the burden of the contested . . . attorney's fees." (Citations omitted.) *Devino* v. *Devino,* 190 Conn. 36, 38–39, 458 A.2d 692 (1983), quoting *Fitzgerald* v. *Fitzgerald,* 190 Conn. 26, 33–34, 459 A.2d 498 (1983); see also *Tirado* v. *Tirado,* 7 Conn. App. 41, 44, 507 A.2d 470 (1986).

There is no error.

In this opinion the other judges concurred.