INEZ M. LITTLE *v.* ENOCH LITTLE
(5571)

DALY, NORCOTT and FOTI, Js.

Argued December 9, 1987—decision released April 19, 1988

*Andre M. Kocay,* for the appellant (defendant).

*Judith Dixon,* for the appellee (plaintiff).

DALY, J. In this appeal, the defendant, whose marriage to the plaintiff had been dissolved, claims that

the trial court erred in treating the plaintiff's subsequent motion for contempt as a motion permitting modification. We find error.

The marriage of the parties was dissolved on October 25, 1985. The judgment provided, inter alia, a division of certain proceeds of a motor vehicle accident case. "The Plaintiff shall receive from the Defendant the sum of $140,000.00 and one-half of the remainder of the settlement due Defendant from the excess insurance carriers after payment for attorney's fees, costs and expenses of the settlement. The Defendant shall retain *any and all interest* earned on the settlement with the excess carriers." (Emphasis added.) There was no periodic alimony provided in the judgment.

On February 7, 1986, the defendant received the balance of the motor vehicle accident settlement and, in accordance with the trial court's judgment, paid the plaintiff her share of the settlement. In April, 1986, the plaintiff filed a motion for contempt to obtain an accounting and damages suffered from delay in payment. Upon reviewing the accounting, the plaintiff reclaimed her motion for contempt on October 6, 1986, alleging that she had been erroneously charged $6129 in attorney's fees for distribution to the defendant of interest of $18,387. The trial court ruled that "the plaintiff should not be charged for attorney fees computed on the interest earned on the settlement." The defendant appealed from the trial court's ruling.

As a preliminary matter, we note that a trial court has broad discretion in domestic relations cases. *Leo* v. *Leo,* 197 Conn. 1, 4, 495 A.2d 704 (1985); *Flynn* v. *Flynn,* 7 Conn. App. 745, 746, 510 A.2d 1005 (1986). A reviewing court allows every reasonable presumption in favor of the correctness of the trial court's ruling. *Gallo* v. *Gallo,* 184 Conn. 36, 44, 440 A.2d 782 (1981). This court has articulated the standard for

reviewing decisions of the trial court in domestic relations cases in *Palazzo* v. *Palazzo,* 9 Conn. App. 486, 488, 519 A.2d 1230 (1987). In *Palazzo,* we stated: "Our review of such decisions is confined to two questions: (1) whether the court correctly applied the law, and (2) whether it could reasonably have concluded as it did." Id. Since we find that the trial court incorrectly applied the law, we forego an examination of the second prong.

In the present case, the trial court modified the property settlement in not computing attorney fees of the insurance settlement in the award. This was not a case where the trial court effectuated the contempt order, rather it was a case in which there was a change in the property settlement. In *Bunche* v. *Bunche,* 180 Conn. 285, 289, 429 A.2d 874 (1980), our Supreme Court held: "By its terms [General Statutes § 46b-86 (a)][1] deprives the Superior Court of continuing jurisdiction over that portion of a dissolution judgment providing for the assignment of property of one party to the other party under General Statutes § 46b-81."[2] (Footnote added.) The trial court, in this action, clearly applied the law

[1] "[General Statutes] Sec. 46b-86. (Formerly Sec. 46-54). MODIFICATION OF ALIMONY OR SUPPORT ORDERS AND JUDGMENTS. (a) Unless and to the extent that the decree precludes modification, any final order for the periodic payment of permanent alimony or support or alimony or support pendente lite may at any time thereafter be continued, set aside, altered or modified by said court upon a showing of a substantial change in the circumstances of either party. This section shall not apply to assignments under section 46b-81 or to any assignment of the estate or a portion thereof of one party to the other party under prior law."

[2] "[General Statutes] Sec. 46b-81. (Formerly Sec. 46-51). ASSIGNMENT OF PROPERTY AND TRANSFER OF TITLE. (a) At the time of entering a decree annulling or dissolving a marriage or for legal separation pursuant to a complaint under section 46b-45, the superior court may assign to either the husband or wife all or any part of the estate of the other. The court may pass title to real property to either party or to a third person or may order the sale of such real property, without any act by either the husband or the wife, when in the judgment of the court it is the proper mode to carry the decree into effect."

pertaining to dissolution and property settlement incorrectly in awarding the plaintiff additional monies which were outside the property division.

There is error, the judgment on the plaintiff's motion for contempt is set aside and the case is remanded with direction to render judgment for the defendant in accordance with this opinion.

In this opinion the other judges concurred.