EDWARD VONAA *v.* ROBIN VONAA
(5956)

DUPONT, C. J., DALY and O'CONNELL, Js.

Argued April 13—decision released August 30, 1988

*Wilbur Ward Dinegar,* assistant attorney general, with whom, on the brief, was *Joseph I. Lieberman,* attorney general, for the appellant (state).

*Clarance J. Jones,* for the appellee (plaintiff).

DALY, J. The state of Connecticut, pursuant to General Statutes § 46b-55 (a), appeals from the trial court's granting of a motion for modification of a child support order which decreased the support to be paid by the plaintiff. The state claims that the trial court erred: (1) in determining that the support payments originally ordered were made in contemplation of the plaintiff's obtaining a part-time job; (2) in finding a change in cir-

cumstances of the plaintiff; and (3) in granting the motion for modification without finding a substantial change in circumstances. We find error.

The facts are not in dispute. The parties were married on May 3, 1985, and had one child born to them on December 26, 1985. Over the course of the year, the marriage broke down and was dissolved on August 25, 1986. The trial court, at the date of the dissolution of the marriage, ordered, inter alia, the respondent to pay "the sum of $75 per week and $5 arrearage as child support until November 1, 1986. On November 1, 1986, child support shall increase to $85 per week and $5 on arrearage. On January 1, 1987, the child support shall increase to $95 per week and $5 on the arrearage."

On March 6, 1987, the plaintiff moved to modify the order claiming that he could not meet his basic financial needs while abiding by the order. Additionally, the plaintiff argued that the order was entered by mistake and should therefore be reduced. Although the motion was properly accompanied by a financial affidavit, the plaintiff made no claim of a substantial change of circumstances. The trial court issued its written order finding a change of circumstances, vacated the prior orders and reduced the support and arrearage payments.[1]

---

[1] The order read as follows:

"The court finds that there has been a change of circumstances in that it was contemplated at the time the initial orders were entered the plaintiff would obtain a *second* job. He has not—but does work full time for the VA as a 'housekeeper.'

"The court finds that the plaintiff has net available income of $214.78 (before provision is made for debt) and has living expenses of $156.52 leaving a net sum of $58. The court orders that the plaintiff pay child support in the amount of $58 plus cover the minor child with such medical and dental insurance which is available to him at his place of employment. $1 a year alimony shall continue. In addition, the plaintiff shall pay arrearages at the rate of $2 per week. In all, $60 per week. Wage execution on the above for the benefit of the state to the extent of its interest."

"As a preliminary matter, we note that the trial court has broad discretion in domestic relations cases. *Leo* v. *Leo,* 197 Conn. 1, 4, 495 A.2d 704 (1985); *Flynn* v. *Flynn,* 7 Conn. App. 745, 746, 510 A.2d 1005 (1986). A reviewing court allows every reasonable presumption in favor of the correctness of the trial court's ruling. *Gallo* v. *Gallo,* 184 Conn. 36, 44, 440 A.2d 782 (1981)." *Little* v. *Little,* 14 Conn. App. 195, 196, 540 A.2d 102 (1988). The standard of review is a determination of whether the trial court abused its legal discretion. *deCossy* v. *deCossy,* 172 Conn. 202, 204, 374 A.2d 182 (1977).

This standard of review has been noted in numerous modification cases in which our Supreme Court has held that "the unquestioned rule is that great weight is due to the action of the trial court and every reasonable presumption will be made in favor of its correctness." *Noce* v. *Noce,* 181 Conn. 145, 149, 434 A.2d 345 (1980).

General Statutes § 46b-86 (a), in pertinent part, provides that any final order for the periodic payment of alimony or child support "may at any time thereafter be continued, set aside, altered or modified . . . upon a showing of a *substantial change* in the circumstances of either party." (Emphasis added.)

"Connecticut unequivocally follows the widely established rule that no modification of alimony or support is to be granted unless there has been a showing of a substantial change in the circumstances of either party. General Statutes § 46-54; *Viglione* v. *Viglione,* 171 Conn. 213, 215, 368 A.2d 202 [1976]; see Clark, Domestic Relations § 14.9." *Grinold* v. *Grinold,* 172 Conn. 192, 195, 374 A.2d 172 (1976). Case law in the area of modification makes it abundantly clear that three elements must be present in order for the modification to be proper: (1) that the burden of proof is on the moving party to make a clear showing of a substantial

change in circumstances: *McGuinness* v. *McGuinness,* 185 Conn. 7, 10, 440 A.2d 804 (1981); (2) that the change in circumstances was not contemplated at the time of the entry of the original decree and arose there-after;[2] *Grinold* v. *Grinold,* supra, 195; and (3) that the change was, in fact, substantial. Id.

In this case, the trial court found that there was a change in circumstances in that the husband did not obtain a part-time job. The trial court ruled that the fact that the husband did not obtain a part-time job sup-ported a reduction of the original child support order. The trial court's conclusion that, at the time of the dis-solution, it was contemplated that the husband would obtain a second job is not supported by the record.

Moreover, the record indicates that the plaintiff at the time he sought a modification, had the same job that he had at the time of the dissolution. The plain-tiff, according to the financial affidavit submitted in the course of seeking a modification showed a slight increase in net earnings which should not result in a decrease of support. Even if we assume, arguendo, that a part-time job was originally contemplated, the estab-lished requirement in modification cases is that there be a clear and definite showing of substantial change in circumstances since the time of the original decree. Id., 196.

There is error and the case is remanded with direc-tion to vacate the court's modification order and to rein-state the original support order.

In this opinion the other judges concurred.

---

[2] The statute was changed effective October 1, 1987, to the effect that contemplation of the parties is not relevant unless specifically set forth in the agreement. Public Acts 1987, No. 87-104.