SUSAN PASQUA *v.* STEVEN PASQUA
(5865)

BORDEN, DALY and NORCOTT, Js.

Argued May 10—decision released September 20, 1988

*Laurajean Golden,* with whom was *Sharon Langer,* for the appellant (defendant).

*Dominick F. Burke,* with whom, on the brief, was *James F. Mullen,* for the appellee (plaintiff).

DALY, J. In this marital dissolution action, the defendant appeals challenging the child support order issued incident to the judgment of dissolution. The dispositive issue is whether the trial court abused its discretion in ordering the defendant, a recipient of public assistance from the federal supplemental security income and state supplemental income programs, to pay $35 per week child support. We find error.[1]

"As a preliminary matter, we note that a trial court has broad discretion in domestic relations cases. *Leo* v. *Leo,* 197 Conn. 1, 4, 495 A.2d 704 (1985); *Flynn* v. *Flynn,* 7 Conn. App. 745, 746, 510 A.2d 1005 (1986). A reviewing court allows every reasonable presumption in favor of the correctness of the trial court's ruling. *Gallo* v. *Gallo,* 184 Conn. 36, 44, 440 A.2d 782 (1981)." *Little* v. *Little,* 14 Conn. App. 195, 196, 540 A.2d 102 (1988). The standard of review is whether the trial court abused its legal discretion. *deCossy* v. *deCossy,* 172 Conn. 202, 204, 374 A.2d 182 (1977). In determining whether the trial court abused its discretion, the ultimate issue is whether the court could reasonably conclude as it did. *Fattibene* v. *Fattibene,* 183 Conn. 433, 442, 441 A.2d 3 (1981).

The defendant is disabled and has been found eligible for benefits from both federal and state programs. These benefits, in fact, constitute the defendant's sole source of income. The defendant receives $176.05 per week, with expenses totalling $281.86 per week. His liabilities exceed $10,000 and he has no assets other than his household goods. It was undisputed that all of his public assistance grants were expended toward rent and food, including the maintenance of a special diet. The trial court reasonably deemed the defendant,

---

[1] Our conclusion that the trial court abused its discretion renders it unnecessary to consider the defendant's claim that, as a matter of law, child support payments may not be ordered to be paid out of supplemental security income benefits and their state supplements.

who was disabled and undertaking a rehabilitation course, incapable of paying the weekly support order without accruing an arrearage. The court stated that the only reasonable expectation of payment depended on the defendant's receiving an inheritance,[2] winning the lottery or pursuing a successful career subsequent to his vocational rehabilitation.

Implicit in the trial court's order was the finding that the defendant was unable to pay any amount of child support at the time of the judgment. The trial court's order is clearly one for speculative prospective payments based on an anticipation of a change in his circumstances. That ruling constituted an abuse of discretion, which must be held to constitute error. *Manaker* v. *Manaker*, 11 Conn. App. 653, 655, 528 A.2d 1170 (1987) ("any future benefit the defendant may receive from the possibility of the housemate transferring assets to him is, at best, speculative and should not have been received into evidence for the purpose of assessing the defendant's future economic prospects"). This court has recently held in *Cuneo* v. *Cuneo,* 12 Conn. App. 702, 709, 533 A.2d 1226 (1987), that financial awards "should be based on the parties' *current financial circumstances* to the extent reasonably possible." (Emphasis added.) Our ruling today is in accord with this proposition.

This case is distinguishable from our recent decision in *Lawler* v. *Lawler,* 16 Conn. App. 193, 547 A.2d 89 (1988). In *Lawler,* we held that the trial court was within its discretion in providing for automatic increases in periodic alimony payments based on the payor's pay increases. *Lawler* was not a case of a speculative prospective increase in the net worth of one

---

[2] In *Fattibene* v. *Fattibene,* 183 Conn. 433, 443, 441 A.2d 3 (1981), our Supreme Court restated the holding in *Krause* v. *Krause,* 174 Conn. 361, 364–65, 387 A.2d 548 (1978), that evidence of a possible inheritance was "too speculative."

of the parties; rather, the potential increase in alimony was tied to the plaintiff's prospective pay increases, a future event which involved the plaintiff's finances and which the *Lawler* court found to be countenanced by our Supreme Court in *Rubin* v. *Rubin,* 204 Conn. 224, 233–34, 527 A.2d 1184 (1987). In this case, we are presented with facts that any increase in the defendant's income would clearly be speculative and should, therefore, not have been considered. The plaintiff is not jeopardized since she can always move for modification in the future if there is a change in circumstances.

There is error, the order of support is vacated and the case is remanded with direction to modify the judgment in accordance with this opinion.

In this opinion the other judges concurred.