JOYCE R. BREEN *v.* THOMAS BREEN, JR.
(6354)

SPALLONE, DALY and NORCOTT, Js.

Argued January 17—decision released April 18, 1989

*Lloyd Frauenglass,* for the appellant (plaintiff).

*J. Patrick Dwyer,* with whom, on the brief, was *Timothy J. Fitzgerald,* for the appellee (defendant).

DALY, J. In this appeal from the judgment dissolving her marriage, the plaintiff claims that the trial court erred (1) in considering her failure to attempt reconciliation when it rendered its financial orders, (2) in failing to continue the hearing pending the arrival of two of her witnesses, (3) in considering Public Acts, 1987, No. 87-104, in its decision, (4) in denying her motions to open the judgment and for a new trial, (5) in considering the future college costs of adult children to be paid by the defendant, (6) in making the financial award pertaining to the division of jointly held real estate, and (7) in making certain evidentiary rulings. We find no error.

The trial court found that the parties were married on April 11, 1964. There are three children of the marriage, only one of whom was a minor at the time of the dissolution. The court rendered final judgment on June 25, 1987, dissolving the marriage of the parties on the basis of an irretrievable breakdown. The court found that the plaintiff's failure to attempt reconcilia-

tion was a major factor in causing the breakdown of the marriage. It awarded custody of the minor child to the plaintiff, with reasonable rights of visitation to the defendant.

The court ordered the defendant to pay $100 per week, until September 1, 1988, for the support of the minor child. The defendant was also ordered to pay an additional $100 per week as rehabilitative alimony. The alimony award, which was scheduled to cease on September 1, 1988, was to be nonmodifiable in duration and amount. In making the alimony award, the court considered the plaintiff's salary schedule for the following year and the defendant's current salary plus a potential annual raise. The court also entered various other awards pertaining to an inheritance, health and life insurance, bank accounts, retirement funds, automobiles, and furnishings. Finally, the court ordered the plaintiff to quitclaim her interest in the marital home to the defendant, who would in turn execute a mortgage note and deed in favor of the plaintiff in the amount of $60,000 with interest at 8 percent per annum.

The plaintiff first claims[1] that the court erred in considering behavior irrelevant to the criteria contained in General Statutes §§ 46b-81[2] and 46b-82[3] in making

---

[1] The plaintiff has raised two separate issues under this claim. Because of the degree to which these issues are so intertwined, however, we consider them together.

[2] The plaintiff cites General Statutes § 46b-81, which pertains to assignment of property and transfer of title, but in her brief discusses only the court's alimony award. Because the plaintiff has failed to provide us with a properly briefed issue, we decline to address the propriety of the trial court's orders on property division. Practice Book § 4065 (d) (3).

[3] General Statutes § 46b-82 provides: "At the time of entering the decree, the superior court may order either of the parties to pay alimony to the other, in addition to or in lieu of an award pursuant to section 46b-81. The order may direct that security be given therefor on such terms as the court may deem desirable, including an order to either party to contract with a third party for periodic payments or payments contingent on a life to

its financial awards. The behavior that the plaintiff considers irrelevant to the statutory criteria is her failure to attempt reconciliation. " 'As a preliminary matter, we note that a trial court has broad discretion in domestic relations cases. *Leo* v. *Leo,* 197 Conn. 1, 4, 495 A.2d 704 (1985); *Flynn* v. *Flynn,* 7 Conn. App. 745, 746, 510 A.2d 1005 (1986). . . .' *Little* v. *Little,* 14 Conn. App. 195, 196, 540 A.2d 102 (1988)." *Pasqua* v. *Pasqua,* 16 Conn. App. 278, 279, 547 A.2d 556 (1988). Because of the opportunity for the trial court to observe the parties and the evidence, great weight is given to its judgment with respect to the financial awards. *Holley* v. *Holley,* 194 Conn. 25, 29, 478 A.2d 1000 (1984). The dispositive issue is whether the trial court abused its discretion or whether it could have reasonably concluded as it did. *Timm* v. *Timm,* 195 Conn. 202, 207, 487 A.2d 191 (1985); *Pasqua* v. *Pasqua,* supra.

Under § 46b-82, the court is entitled to consider, inter alia, the cause of the dissolution in making its alimony award."When 'the parties choose to litigate the issues of alimony or division of property the causes of the dissolution must be considered by the court.' " *Pavel* v. *Pavel,* 4 Conn. App. 575, 576, 495 A.2d 1113, cert. denied, 197 Conn. 809, 499 A.2d 60 (1985). Our review of the trial court's decision indicates that the court weighed all of the factors enumerated in § 46b-82 in reaching its determination. "We cannot, as an appellate court, vary the weight which the court placed upon

the other party. In determining whether alimony shall be awarded, and the duration and amount of the award, the court shall hear the witnesses, if any, of each party, except as provided in subsection (a) of section 46b-51, shall consider the length of the marriage, the causes for the annulment, dissolution of the marriage or legal separation, the age, health, station, occupation, amount and sources of income, vocational skills, employability, estate and needs of each of the parties and the award, if any, which the court may make pursuant to section 46b-81, and, in the case of a parent to whom the custody of minor children has been awarded, the desirability of such parent's securing employment."

such factors. *Carpenter* v. *Carpenter,* [188 Conn. 736,] 742, [453 A.2d 1151 (1982)]." *Tirado* v. *Tirado,* 7 Conn. App. 41, 43, 507 A.2d 470 (1986). We conclude that the trial court's decision regarding alimony was reasonable and supported by the evidence presented. See *Tirado* v. *Tirado,* supra.

The plaintiff next claims that the trial court erred in failing to continue the hearing because two of her witnesses had not arrived. The matter of a continuance is traditionally within the discretion of the trial court. *Ridgeway* v. *Ridgeway,* 180 Conn. 533, 538, 429 A.2d 801 (1980). This court must make every reasonable presumption in favor of the proper exercise of the trial court's discretion. Id.; B. Holden & J. Daly, Connecticut Evidence (2d Ed. 1988) § 35. Our review of the record reveals that the court did not abuse its discretion in refusing to continue the hearing to await the arrival of the plaintiff's tardy witnesses.

In her next claim, the plaintiff argues that the trial court erroneously considered Public Acts 1987, No. 87-104[4] in making its financial orders. We agree with the plaintiff but hold that the error was harmless.

---

[4] Public Acts 1987, No. 87-104 provided: "AN ACT CONCERNING ELIMINATION OF 'UNCONTEMPLATED' REQUIREMENT FOR MODIFICATION OF ALIMONY AND SUPPORT.

"Subsection (a) of section 46b-86 of the general statutes is repealed and the following is substituted in lieu thereof:

"(a) Unless and to the extent that the decree precludes modification, any final order for the periodic payment of permanent alimony or support or AN ORDER FOR alimony or support pendente lite may at any time therafter be continued, set aside, altered or modified by said court upon a showing of a substantial change in the circumstances of either party. AFTER THE DATE OF JUDGMENT, MODIFICATION MAY BE MADE UPON, A SHOWING OF SUCH SUBSTANTIAL CHANGE OF CIRCUMSTANCES, WHETHER OR NOT SUCH CHANGE OF CIRCUMSTANCES WAS CONTEMPLATED AT THE TIME OF DISSOLUTION. BY WRITTEN AGREEMENT, STIPULATION OR BY DECISION OF THE COURT, THOSE ITEMS OR CIRCUMSTANCES THAT WERE CONTEMPLATED AND ARE NOT TO BE CHANGED MAY BE SPECIFIED IN THE WRITTEN AGREEMENT,

In its oral memorandum of decision and articulation, the court indicated that it had considered Public Acts 1987, No. 87-104 in making the alimony award. Public Acts 1987, No. 87-104 was enacted to amend General Statutes § 46b-86, which relates to the modification of alimony and support. The act did not become effective, however, until October 1, 1987, nearly three and one-half months *after* the trial court's decision. It was error, therefore, for the court to consider the act in making its award. Any reference to Public Acts 1987, No. 87-104, however, was harmless in view of the purpose of the act, which merely eliminated the requirement in § 46b-86 that modification of alimony or support be based upon uncontemplated changes of circumstances. *Darak* v. *Darak*, 210 Conn. 462, 470, 556 A.2d 145 (1989). The act did not curtail the court's power to preclude modification altogether pursuant to § 46b-86. Provisions that preclude modification tend to be disfavored. *Eldridge* v. *Eldridge*, 4 Conn. App. 489, 493, 495 A.2d 283 (1985). When a provision in a divorce decree that precludes or restricts a later court's power to modify financial orders is clear and unambiguous, however, that provision will be upheld. Id., 493–94. The trial court in the present case acted within its existing power when it precluded modification of the alimony award; accordingly, any reference to Public Acts 1987, No. 87-104 was harmless.

The plaintiff next claims that the trial court erred in denying her amended motions to open the judgment; General Statutes § 52-212a; and for a new trial. General Statutes § 52-270. She contends that both of the motions should have been granted because of the discovery of new evidence to be presented to the court. We disagree.

---

STIPULATION OR DECISION OF THE COURT. This section shall not apply to assignments under section 46b-81 or to any assignment of the estate or a portion thereof of one party to the other party under prior law."

"It is well recognized that '[t]he opening . . . of a judgment . . . is at the legal discretion of the court. *Tyler* v. *Aspinwall,* 73 Conn. 493, 47 Atl. 755 [1901]. . . . [I]t "is not to be granted readily, nor without strong reasons" . . . . *Wildman* v. *Wildman,* 72 Conn. 262, 270, 44 Atl. 244 [1899].' *McCulloch* v. *Pittsburgh Plate Glass Co.,* 107 Conn. 164, 167, 140 A. 114 (1927). 'The motion should not be granted merely to allow the court to reconsider its decisions on the facts and its exercise of discretion. The motion should indicate that the moving party is prepared to introduce some new matter not before the court at the time of its original decision.' 2 Stephenson, Conn. Civ. Proc. (2d Ed.) § 207, p. 863; see *Felton* v. *Felton,* 123 Conn. 564, 569, 196 A. 791 (1938)." *F & W Welding Services, Inc.* v. *Pen-Smith, Inc.,* 38 Conn. Sup. 455, 458–59, 451 A.2d 286 (1982). The "newly discovered evidence" that the plaintiff claims was available was, in reality, the testimony of her two tardy witnesses. We can find no abuse of discretion in denying the plaintiff's motion to open.

Similarly, we find no abuse of discretion in the trial court's denial of the motion for a new trial. "The rules for granting a new trial on the ground of newly discovered evidence are well established. The evidence must, in fact, be newly discovered, material to the issue on new trial, such that it could not have been discovered and produced on the former trial by the exercise of due diligence, not merely cumulative and likely to produce a different result. *Turner* v. *Scanlon,* 146 Conn. 149, 163, 148 A.2d 334 [1959]." *Pass* v. *Pass,* 152 Conn. 508, 511–12, 208 A.2d 753 (1965). Because the plaintiff's alleged "newly discovered evidence" was not newly discovered, the court did not err in denying the motion.

The plaintiff's next claim of error concerns the trial court's consideration of the future college costs the defendant had agreed to pay. She claims that, by

speculating as to the future expenses that the defendant might incur on behalf of his adult children, the court diluted the available assets from which the defendant could pay her alimony.

In its oral memorandum of decision, the court stated: "I also considered the fact that the defendant has in the past paid the bulk of the cost of the college education of his children, particularly Tom, and I believe that he will use his best efforts in the future to do that. He [has] offered several times to agree to that in writing and I indicated that I would not accept that unless both parties agreed and I have never received anything in writing from the mother so I will not even consider that order."

"With regard to . . . [an] award of alimony, we note that we do not review any single order without examining it in the context of all of the other orders as well as the assets and liabilities of both parties. *Wolk* v. *Wolk,* 191 Conn. 328, 333, 464 A.2d 780 (1983). Thus, we may properly consider the liabilities of the [defendant], including the fact that at the time of trial, he was paying for the college education of one of the children. See id., 333." *Eversman* v. *Eversman,* 4 Conn. App. 611, 616, 496 A.2d 210, cert. denied, 197 Conn. 805, 499 A.2d 57 (1985). We conclude that the court did not err in considering the fact that the defendant was paying the college expenses of one child and intended to continue to do so.

The plaintiff next claims that the court erred in the financial award pertaining to the division of the jointly held realty. She claims that the value of the realty was more than the 50 percent amount, or $60,000, awarded to her.

The court heard the testimony of the plaintiff's expert witness that the fair market value of the home was $180,000. The court also had before it the defendant's

financial affidavit, which valued the home at $150,000. This value was based upon an appraisal conducted eight months prior to the trial.

The purpose of expert testimony is to aid the trier of fact in arriving at its own conclusion. *Bennett* v. *New Haven Redevelopment Agency,* 148 Conn. 513, 516, 172 A.2d 612 (1961). The trier's conclusion is reached by weighing the expert opinion in the light of all the circumstances in evidence as well as the trier's own general knowledge of the elements establishing value. Id. The acceptance or rejection of the opinion of an expert witness is within the province of the trier of fact; accordingly, the trier's determination is accorded great deference by this court. *Johnson* v. *Healy,* 183 Conn. 514, 515–16, 470 A.2d 765 (1981); B. Holden & J. Daly, Connecticut Evidence (2d Ed. 1988) § 118c, p. 1150.

The trial court, as the trier of fact, could reasonably have determined in light of the evidence that the value of the jointly held realty was $160,000. When the first mortgage balance of $40,000 is subtracted from that value, a balance of $120,000 is left to be divided on a 50 percent basis.

The plaintiff's last claim of error concerns certain evidentiary rulings made by the court. Meaningful appellate review of these claims, however, is precluded by the plaintiff's failure to comply with Practice Book §§ 288 and 4065 (d) (3).

There is no error.

In this opinion the other judges concurred.