[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
On August 2, 1990, the trier orally at the request of the plaintiff and acquiescence of the defendant, dissolved the marriage on a finding of irretrievable breakdown but reserved the question of the findings and orders to be entered to be filed in this memorandum of decision.
The plaintiff now aged 28 and the defendant 34 intermarried on October 30, 1982 and have two minor children issue of their marriage, aged five and one. When the parties choose to litigate the issue of alimony and division of property, the cause of the breakdown must be considered by the trier. Breen v. Breen,18 Conn. App. 166-169. The breakdown was due entirely to the fault of the husband when he became enamored with another woman, deserted his wife, took up residence with his paramour and presented her with Twenty-Five Thousand Dollars to apply on the purchase of a condominium. On the day of the trial, he was in contempt for failing to pay child support and other pendente lite orders due in the sum of $1,210.79 which he paid at the close of the evidence. The plaintiff has a 65% disability of his leg and has recently received $62,000.00 as a lump sum payment in worker's compensation. He claims he no longer has this sum as he paid some debts but gave no other accounting. He is now on long term disability and received $349.00 a week from his former employer and has present intentions of returning to school to study business accounting. The plaintiff still has income from commissions and can write policies while on disability. This latter evidence was not disclosed by the plaintiff in his financial affidavit and was offered by the defendant. See Defendant's Exhibit 9, 10, 11 and 12. See Vaiuso v. Vaiuso,2 Conn. App. 149, 150 where a party limits the financial evidence available to the court, such party cannot complain about the resulting calculation of any monetary award.
In 1989, the plaintiff earned as a salesman for John Hancock the sum of $12,196.56 (see Defendant's Exhibit 12). The trier does not believe he is unable to pursue gainful employment. He definitely has an earning capacity and should not be considered totally disabled. CT Page 893
After a consideration of the relevant statutes (Sections46b-81, 81, 84, 86b, 62, 56a) and the statutory norms, the following orders are to be entered to be incorporated in a decree to be drawn by the attorney for the defendant and containing a legal description of the premises located at 137 Fairlawn Avenue:
1. A finding of irretrievable breakdown and a dissolution of the marriage as previously entered as of August 2, 1990.
2. Joint physical custody of the minor children to the defendant with visitation to plaintiff on Tuesdays from 3:00 p. m. to 6:00 p. m. and Saturdays from 12:00 noon to 6:00 p. m. subject to the exercise by him of such visitations with diligence and regularity as to time and occurrence.
3. One Hundred Dollars per week for the support of each of the minor children ($200.00) and the plaintiff to provide health insurance for their benefit and any unreimbursed medical, hospital dental and prescriptive expenses to be shared equally between the plaintiff and defendant.
4. Alimony is awarded the defendant in the sum of $20.00 weekly subject to modification on any improvement in the financial condition of the plaintiff as the amount designated herein is inadequate and the defendant is deserving of a substantial sum.
5. The interest of the plaintiff in the real estate situated at 137 Fairlawn Avenue, Waterbury is hereby transferred to the defendant as well as all personal property, fixtures and appliances located thereon by operation of law (General Statutes Section 52-22). The plaintiff claims certain articles of personal property (tools, solo flex etc) but the defendant shall have the sole discretion as to the nature, content, identification of each item claimed. Said real estate is subject to a first mortgage which the defendant agrees to pay, cancel and discharge and hold the plaintiff harmless against loss thereon.
6. The plaintiff is the owner of a motor vehicle described as a 1990 Eagle Premier and is ordered to transfer the same to the defendant as she is legally entitled to possession, control and title to the same.
7. The plaintiff is to assume the following debts and obligations and to hold the defendant harmless thereon:
 (a) The Ford Motor Credit suit on which the defendant is an accommodation maker.
(b) CBN Master Card; CT Page 894
(c) Bank of New York Master Card.
(d) Any balance due on pendente lite orders.
(e) 1/2 of the home equity loan ($7,500.00);
(f) Tuition for Margaret.
8. The defendant is to assume the following debts and obligations and hold the defendant harmless thereon against liability:
(a) Sears
(b) Levitz
(c) J. C. Penney
(d) 1/2 home equity loan ($7,500.00);
(e) defendant's mother owed $3,000.00
9. The defendant is to resume her maiden name of Elizabeth Ann Lewis by which she shall hereafter be named and called.
10. Dependency of the children for IRS purposes shall inure to the defendant.
11. No counsel fees shall be awarded either party.
12. Alimony to be included on the defendant's return to the IRS and deductible on the plaintiff's return. Alimony terminated on the death or remarriage of the defendant.
ROBERT A. WALL, STR