[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO MODIFY SUPPORT
The defendant seeks reconsideration by this court of an CT Page 6482 order previously issued on May 7, 1992 obliging the plaintiff mother to pay to the defendant father support in the amount of $15.00 for the benefit of the parties minor son, Daniel. Daniel lives with the defendant.
The defendant offered evidence and testimony which he claims was not previously available to assist the court in establishing an appropriate order for support. That evidence involved the award to the parties daughter, Erica, of a $2,000.00 college scholarship, the pendency of one additional application for college aid and, lastly, the fact of Erica's income by way of part-time employment.
The court having considered the evidence and testimony makes the following findings and conclusions.
The combined net weekly income of the parties is approximately $828.53.
According to the recommended guidelines, the amount of support for Daniel is $237.00 per week. The plaintiff's tentative support obligation (47%) is $111.39 and the defendant's tentative support obligation (53%) is $125.61.
The court does not accept the plaintiff's claim that, as with IRS guidelines, daughter Erica should be deemed a dependent of the plaintiff. Nowhere in the guidelines as recommended is an unemancipated 18 year old deemed to be a dependent.
The guidelines permit deviation from the recommended amounts under certain circumstances.
The court in the instant matter finds that it would be inequitable and inappropriate to ignore certain existent facts.
Daughter, Erica has lived exclusively in the plaintiff's home since the parties dissolution in 1985, and she continues to do so.
Erica turned 18 on January 14, 1992 thereby relieving both parents of any legal duty to provide support for her. She presently works in an ice cream store on a part-time basis earning approximately $75.00 per week.
Erica has received a college scholarship in the amount of $2,000.00 and is awaiting word on one additional scholarship application. She intends to enroll in the University of Maine at Farmington. The room and board, books and tuition are approximately $10,000.00 per year. CT Page 6483
The plaintiff testified that she has begun and intends to continue to provide financial assistance to help offset the anticipated cost of Erica's college education.
The Appellate Court, in Breen v. Breen, 18 Conn. App. 166,173 (1989) has ruled that contribution to a child's college expenses could properly be factored into the determination of fair and equitable alimony obligations. There is no reason why that same logic should not apply to support obligations.
The net disposable income of the plaintiff will necessarily be reduced by the money she pays on behalf of her daughter to permit her to attend college. A college degree is an essential prerequisite for almost any desirable career in today's world. Both parents should encourage their daughter to obtain a college education and both should assume, either directly or indirectly, a responsible financial part in meeting that objective, if possible.
The court finds that the special needs and extraordinary education expenses of Erica permit a substantial deviation from the support guidelines as recommended.
For that reason, the court affirms its order of May 7, 1992 and obliges the plaintiff to pay to the defendant the sum of $15.00 per week for support of the minor son, Daniel.
BY THE COURT Doherty, J.