[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This is an action by the plaintiff, The Fairfield Lumber Supply Company, a subcontractor, to foreclose a mechanic's lien it filed on property of the named defendant, Robert M. Friedlander, located in Weston, on account of materials and services supplied by the plaintiff to a general contractor, Cutrone/Toni, Inc., in connection with the renovation of Friedlander's home. The action was dismissed on December 11, 1992, pursuant to Practice Book 251, for failure to prosecute with reasonable diligence. On April 5, 1993, the plaintiff, pursuant to Practice Book 326, moved (#127) to open or set aside the dismissal.
In the affidavit supporting the motion, plaintiff's counsel offers two reasons why it believes the motion should be granted. The first is that the defendant Friedlander commenced an action against his general contractor, Cutrone/Toni, Inc., which is pending in this court as CV 90 0112554, and that "part of plaintiff's claim may be dependent upon the success achieved by Cutrone/Toni in its lawsuit." The other reason is that the plaintiff filed a petition in bankruptcy in the Bankruptcy Court in Bridgeport, and that the case was dismissed by this court while the plaintiff's Chapter 11 petition was pending.
"The principles that govern motions to open or set aside a civil judgment are well established. Within four months of the date of the original judgment, Practice Book 326 vests discretion in the trial court CT Page 6788 to determine whether there is a good and compelling reason for . . . [the original judgment's] modification or vacation." Hirtle v. Hirtle,217 Conn. 394, 398, 586 A.2d 578 (1991). Opening a judgment "is not to be granted readily, nor without strong reasons." (Citations omitted.) Breen v. Breen, 18 Conn. App. 166, 172, 557 A.2d 140 (1989).
This action bears a return date of November 12, 1991. In addition to the named defendant Friedlander, eight other defendants, who claimed an interest in the subject premises, were joined in the action. Friedlander filed his answer, special defenses and counterclaims on December 19, 1991, and the plaintiff replied on April 13, 1992. On the same date the plaintiff demanded a disclosure of defense from the three defendants who had filed appearances, and moved for a default against the five defendants who had failed to appear. This motion for default was granted on April 21, 1992. One defendant filed a disclosure of defense, which indicated that it had no defense.
It appears that this case became subject to a dormancy dismissal in October, 1992, because of a failure on the part of plaintiff to close the pleadings as between itself and the defendants who had filed an appearance. In other words, the file does not indicate that the plaintiff moved for a default for failure to disclose a defense against the two defendants who did not disclose a defense, or filed a motion for default for failure to plead against the one defendant who did file such a disclosure. Hence, the pleadings were not closed and the matter had not been claimed for a trial list when it was dismissed in December, 1992.
I see no "compelling" or "strong" reason why this case should be opened and the dismissal set aside, as required by Hirtle and Breen. The progress of the pleadings indicates that the plaintiff had not — by December, 1992 — proceeded with reasonable diligence to close the pleadings of a case that began in November, 1991.
Moreover, the fact that the outcome of this case may be influenced by another case is no reason not to close the pleadings in this case and claim it for a trial list. As to the bankruptcy issue, it was not until February 10, 1993 that the plaintiff filed with this court a "Suggestion of Bankruptcy," which was some two months after the dismissal. In addition, the "debtor" in the Bankruptcy Court is the plaintiff in this action, and the defendant Friedlander, in opposing the motion to open the dismissal, points to 11 United States Code 362, which provides for a stay of actions "against" a debtor or attempts to recover a claim "against" a debtor. It does not appear that the plaintiff in this case is entitled to a stay because this action is being pursued by the plaintiff and does not constitute a claim against it. CT Page 6789
For the above reasons, the motion by the plaintiff, the Fairfield Lumber Supply Co., to open the dismissal of its action is denied.
So Ordered.
Dated at Stamford, Connecticut, this 19th day of July, 1993.
William B. Lewis, Judge CT Page 6790