[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: PLAINTIFF'S MOTION FOR CUSTODY,CHILD SUPPORT, AND VISITATION PENDENTE LITE, AND DEFENDANT'SMOTION FOR CONTRIBUTION
This memorandum of decision addresses the plaintiff's motion for custody, child support and visitation submitted under date of February 4, 1997 (#107) and the defendant's motion for contribution submitted under date of February 14, 1997 (#108). Hearings were conducted on February 26, 1997 and March 11, 1997, at which the parties supplied evidence to the court, including financial affidavits and a letter from their daughter.
In the course of considering the evidence adduced in this case, the court has applied the statutory and common law criteria applicable for cases in which such issues are raised, including § 46b-82, § 46b-84, § 46b-86 and the rule ofBreen v. Breen; 18 Conn. App. 166 (1989). Exhibits A and B, representing the defendant's financial affidavits, indicate that he has substantial weekly costs attributable to payment of the parties' second child's educational expenses. Evidence of these expenses, nearly two hundred dollars per week, was set forth, without objection or cross-examination, on both Exhibits A and B. No evidence was presented at the hearing on March 12th from which the court could reasonably conclude that the defendant did not intend to continue to pay these expenses. Accordingly, in fashioning financial orders in this case, the court has considered "the liabilities of the [defendant], including the fact that at the time of trial, he was paying for the college education of one of the children." Breen v. Breen,
supra, 18 Conn. App. 173.
The parties' financial affidavits indicate a significant discrepancy between the total amount of the defendant's earned income and pension income, and the plaintiff's modest earned income. The defendant continues to occupy the marital home, and the plaintiff now occupies a rental apartment. It should be noted that no evidence was presented at the hearings through which the court could reasonably determine the amount of tax advantage CT Page 3076 which might be attributable to one or both parties as the result of the payment of the mortgage and real estate taxes on the marital residence. The evidence indicated that the parties' minor daughter, a bright, articulate, seventeen-year old honors high school student, should be appropriately allowed to reside, at this time, with her mother, the plaintiff. See § 46b-56 (b). The evidence also indicated that the parties intended the defendant to continue to make weekly payments on two loans against his 401k retirement plans, as represented on Exhibits A and B, and that they expected the court to deviate from a strict application of the child support and arrearage guidelines in consideration of these payments. The parties have stipulated that they each will pay one half the total expenses for the costs of life and motor vehicle insurance, as shown on their financial affidavits. They have further stipulated that each will pay one half the unreimbursed health care expenses incurred on behalf of their minor daughter.
With strict application of the guidelines, the defendant-father would be required to pay the plaintiff-mother $192 per week as child support. In this case, the court finds that a strict application of the child support guidelines, requiring payment of child support would be inequitable and inappropriate, due to the defendant-husband's continued payment of debt incurred as the result of loans placed against the two existing 401k plans. As such, coordination of total family support, including assignment of responsibility for these liabilities and provision of alimony to the plaintiff-wife, would require the court to acknowledge and apply the deviation criteria set forth as §46b-215a-3 (b)(5) in this pendente lite situation. Utilizing the statutory presumption of support sufficiency established by §46b-86, the court finds that a child support award in the amount of $165 per week, payable from the defendant-father to the plaintiff-mother, will not result in a lesser economic benefit to the child than that which has been contemplated by the legislature.
Based on the facts and evidence presented by the parties, the application of § 46b-82, § 46b-84, § 46b-56 (b), § 46b-215a, and the principles of Breen v. Breen,
supra, the court enters the following as pendente lite orders:
1. The parties shall have joint custody of their minor child, Jennifer, who shall have primary residence with the plaintiff-mother. The defendant-father shall have liberal rights CT Page 3077 for visitation, subject to the minor child's school and personal schedules.
2. The defendant-father shall pay child support to the plaintiff-mother in the amount of $165 per week.
3. The defendant-father shall pay the plaintiff alimony in the amount of $85 per week.
4. Each party shall immediately notify the other of any change in their earnings or employment status.
5. Each party will pay one half the total expenses for the costs of life and motor vehicle insurance, as shown on their financial affidavits, and each will pay one half the unreimbursed health care expenses incurred on behalf of their minor daughter.
5. In view of the discrepant incomes and earning capacities of the parties, the plaintiff shall not be required to make contribution toward the maintenance of the marital home.
WHEREFORE the plaintiff's motion for custody, child support and visitation is hereby GRANTED and the defendant's motion for contribution is hereby DENIED.
BY THE COURT,
Rubinow, J.