[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
This matter comes before the court, post judgment. The marriage of the parties was dissolved by decree of this court on February 3, 1999, and, almost from the start, each of the parties has continued to file a variety of motions relating to the interpretation and enforcement of their Agreement, which was incorporated by reference in that decree. The parties have two minor children, Sarah and Emily, ages 13 and 11 respectively. The latest round of motions was initiated by the defendant mother ("mother") on October 25, 2000, with the filing of a Motion for Contempt and a Motion to Modify Child Support. A hearing was scheduled for January 2, 2001 per an Order of Notice, and the plaintiff father ("father") was served on November 9, 2000. The father has countered with a Motion for Contempt, a Motion for Order, and a Motion to Strike, all dated December 15, 2000. The mother objects to the granting of the Motion to Strike, and both parties have filed a Memorandum of Law in support of their positions. At a Short Calendar hearing on January 2, 2001, the court took the papers regarding the motion to strike and advised the parties that the hearing on the other motions would be rescheduled at a later date following the court's ruling on the former.
The issue before the court is whether or not a motion to strike is available to a party to an action to challenge a post judgment motion for modification pursuant to Section 46b-86 (a) C.G.S.
 LAW
CT Page 5090
A motion to strike challenges the legal sufficiency of the allegations of a pleading to state a claim upon which relief can be granted. Practice Book § 25-16; see also Practice Book § 10-39. "[F]or the purpose of a motion to strike, the moving party admits all facts well pleaded."RK Constructors, Inc. v. Fusco Corp., 231 Conn. 381, 383 n. 2, 650 A.2d 153
(1994). Section 25-16 (a) of the Connecticut Practice Book provides as follows:
 (a) Whenever any party wishes to contest (1) the legal sufficiency of the allegations of any complaint or cross complaint . . . or (2) the legal sufficiency of any claim for relief in any such complaint or cross complaint, or (3) the legal sufficiency of any such complaint or cross complaint, or any count thereof, because of the absence of any necessary party, or (4) the joining of two or more causes of action which cannot properly be united in one complaint or cross complaint, whether the same be stated in one or more counts, or (5) the legal sufficiency of any answer to any complaint or cross complaint, or any part of that answer contained therein, that party may do so by filing a motion to strike the contested pleading or part thereof. (Emphasis added)
The plain language of the Practice Book permits a challenge to a "complaint," a "cross complaint, " or an "answer," in those words. It is an axiomatic rule of construction that where the meaning of the words of a rule or statute are clear on their face, the court need look no further. A strict reading of the above Practice Book rule could easily lead the court to limit the word "pleading" solely to the foregoing instances. Those are, in fact, the usual pleadings to which such a motion is addressed. Moreover, allowable pleadings and their order of filing is set forth in Section 10-6 of the Connecticut Practice Book. Utilizing a broader definition, a court could well include any pleading which framesthe issues for the court. In fact, Section 10-10 of the Connecticut Practice Book permits "supplemental pleadings showing matters arisingsince the original pleading . . . in actions for equitable relief. . . ."
The husband has denominated his pleading as a motion to strike, whereas, the result he seeks would appear to be a dismissal. This would be improper. A challenge to the subject matter jurisdiction of the court may be made at any time, and the proper method is by way of a motion to dismiss. Whenever lack of subject matter jurisdiction is found the court may dismiss the matter sua sponte. Section 10-33 Connecticut Practice Book. However, there is no question that this court has jurisdiction over CT Page 5091 the subject matter (i.e. modification of support orders), hence a motion to dismiss does not lie. Amodio v. Amodio, 247 Conn. 724, 729-30 (1999).
The mother has asked for a modification of child support based upon a substantial change of circumstances. Whether or not there has been a substantial change in circumstances since the date of the last order which would warrant a modification is generally a question of fact for the court to decide after hearing. Borkowski v. Borkowski, 228 Conn. 729,638 A.2d 1060 (1994). The husband argues that irrespective of any such change, the Separation Agreement ("Agreement") of the parties dated February 3, 1999, which was incorporated in the decree, precludes modification. Section 46b-86 (a) C.G.S. allows a court to modify a decree, "unless and to the extent that the decree precludes modification." It is settled law in Connecticut that such a preclusion must be "clear and unambiguous." Breen v. Breen, 18 Conn. App. 166, 171,557 A.2d 140 (1989); Wichman v. Wichman, 49 Conn. App. 529 (1998).
The court has examined pleadings, and, in particular, the Agreement, in order to find just such a clear and unambiguous statement. A review of that document reveals that the parties dealt with the issue of nonmodifiability first as to alimony, and then as to child support. Under the Agreement, alimony is payable "during the lifetime of the parties and until the remarriage or cohabitation, pursuant to statute, of the wife or October 31, 2011, whichever first occurs. . . ." (Article 3.1) In addition, Article 3.10 provides that the alimony payments "shall not be subject to modification which extends their duration." No similar preclusion is made regarding the amount of alimony, except as to a possible reduction under the terms of Article 3.11. That article goes on to allow modification of alimony, with one exception, pursuant to Section46b-86 (a) and (b) C.G.S. In addition, the husband argues that Article 4.1 precludes a claim for child support, provided that he is making his agreed upon alimony payments; in which event, the wife has agreed to be "fully responsible" for support and, moreover, she "shall make no claim for child support." Taken together, this language is, in fact, just such a clear and unambiguous statement.
Practice Book Section 25-26(e) requires that every motion for modification state "the specific factual and legal basis for the claimed modification. . . ." An examination of the Agreement, in particular Article 4.1 thereof, clearly reveals that as a condition precedent to the grant of relief with regard to the issue of child support, the mother must first demonstrate that the father's obligation to pay alimony has terminated or that he has failed to comply with his obligation to pay alimony in accordance with the Agreement. The mother has made no such allegation in her pleading. This is a significant omission. While it is important that we not exalt form over substance in our pleading CT Page 5092 practice, the issues must be fairly delineated so that the opposing party is given the opportunity to meet the challenge. of equal importance, the pleading must fairly frame the issue for the court, so that it is aware of whether or not it is appropriate to apply its statutory jurisdiction. In other words, is there a proper case before it? Rosenfield v. Rosenfield,61 Conn. App. 112, 116 (2000).
A motion to dismiss does not lie here because the court has subject matter jurisdiction, and this court is unaware of any provision of the Practice Book, nor has the husband provided the court with any such case, which would specifically permit a party to challenge apost-judgment motion for modification under Section 46b-86 (a) C.G.S. by way of a motion to strike. However, an overly strict reliance upon the letter without consideration of the spirit of practice rules does not serve the interests of justice. Rules of practice and pleading serve the very important functions of fair notice and of providing an orderly and predictable format within which to resolve legal disputes within the court system. They should not be applied with a draconian hand, but rather with fairness and common sense. Short of a costly and time-consuming evidentiary hearing before the court, the question is, in the context ofa post judgment motion for modification under Section 46b-86 (a) C.G.S.,
should the opposing party have the means to challenge the sufficiency of the factual and legal basis for the motion for modification by means of a motion to strike? This court answers in the affirmative. Moreover, this result is fair to both sides, since the effect of the granting of a motion to strike is not a dismissal, but rather the right of the other party to file a new pleading. Section 25-21 Connecticut Practice Book.
 ORDER
IT IS HEREBY ORDERED THAT:
The plaintiff's Motion to Strike, Post Judgment (#138) is hereby GRANTED, and the defendant shall have fifteen (15) days from the date of this order to file a substitute pleading.
THE COURT
SHAY, J.