[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION AND ORDER. POST JUDGMENT
The marriage of the parties was dissolved by decree of this court pursuant to a Memorandum of Decision dated June 19, 2002, following four days of trial. The wife has appealed the court's orders. The court made a specific finding that it would be equitable and appropriate for the husband to be responsible for a portion of the wife's legal expenses incurred in the action, and it reserved jurisdiction to address the issue should the wife file a timely motion for same. Subsequently, the wife filed a Motion for Attorneys Fees and Costs (#145) dated July 8, 2002. Attached to the motion were fee affidavits from her three prior attorneys, as well as an accountant from whom she sought and received advice during the progress of the case. The parties and counsel appeared on September 3, 2002, and the court heard testimony and took evidence. The uncontroverted evidence presented to the court demonstrates that both parties have incurred approximately $90,000 in counsel fees to date, but that significant outstanding balances remain for each; approximately $35,000 for the husband and $50,000 for the wife. In addition, the wife seeks payment of the balance of the fee for her accountant, amounting to $5,293.75. However, the wife has asked the court to order the husband to pay both the current balance of attorney fees due and to "reimburse" her for fees already paid. Since the payment for fees incurred by both parties came from marital funds, the court is not disposed to enter such an order, which would, in essence, be in the nature of a modification of the property division. General Statutes § 46b-81 (a); Little v.Little, 14 Conn. App. 195 (1988). For his part, the husband seeks to avoid payment altogether, on the theory that, but for the unreasonable expectations of the wife which prolonged the case, such enormous fees would not have been generated. The court finds merit in his argument, however, the court must balance that with the need not to undermine the the existing court award. Maguire v. Maguire, 222 Conn. 32 (1992).
The court, having heard the testimony of the parties, and having reviewed the file and the evidence, finds that it would be equitable and appropriate for the husband to pay a portion of the outstanding attorneys CT Page 11643 fees of the wife incurred to date in connection with the above mailer, and IT IS HEREBY ORDERED that the husband pay the sum of $15,000.00 as and for a contribution toward the outstanding balance of the wife's attorneys fees as follows: The sum of $3,000.00 directly to Nancy Ranier, Esq., $1,500.00 within thirty (30) days from the date of this order and the balance at the rate of $100.00 per month until paid in full; $1,000.00 directly to Yvette Fallon, Esq., $500.00 within thirty (30) days from the date of this order and the balance at the rate of $50.00 per month until paid in full; and $11,000.00 directly to Rutkin Oldham, LLC., $3,000.00 within thirty (30) days from the date of this order and the balance at the rate of $250.00 per month until paid in full. The court HEREBY DENIES the wife's request for payment of her accountant's fees.
THE COURT
SHAY, J. CT Page 11644