[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The parties were married on August 9, 1981 in Lawrence, Massachusetts. The parties resided in Connecticut since 1988.
There are four minor children issue of this marriage: Stephanie Ramos born January 14, 1983, Kimberly Ramos born October 10, 1984, Marciana Ramos born April 1, 1988 and Andrew Ramos born September 18, 1990.
The evidence presented at trial has clearly established the allegation that the marriage has irretrievably broken down. Judgment may enter on that ground.
The court has carefully considered the criteria set forth in Sections 46b-56, 46b-81, 46b-82 and 46b-84 of the Connecticut General Statutes in reaching the decisions reflected in the orders that follow.
This is a marriage of approximately 10 years. Both parties are in their 30's. The plaintiff husband, indicated he is good health. The plaintiff anticipates receiving his medical license in Florida in July 1992, and is planning to remain in Miami, practicing medicine with a specialty in pediatrics.
The parties met when they were undergraduates at Holy Cross College. The defendant subsequently obtained a masters in economics while living in Texas. During the time the parties lived together, for approximately 8 years, the defendant basically remained at home caring for her family. She was supportive of the plaintiff's efforts to complete medical school and moved several times to accommodate the plaintiff's goal of completing his medical education. As counsel pointed out, it may be that both parties have burnt out from the rigors of medical school, four small children and the wife attending school to complete her masters in economics.
The plaintiff husband spent a year in Florida taking science courses and then started medical school in the Dominican Republic. After a year, he transferred to Mexico where he completed medical school. The parties lived in El Paso, Texas during this time. The plaintiff then did an internship and residency in New York and then went to the Stamford Hospital where he was a staff physician. The plaintiff is licensed to practice medicine in Connecticut and has decided to specialize in Pediatrics.
The plaintiff's father, a surgeon, financially assisted the parties during their marriage, paying substantial living expenses and tuition costs while the husband was pursuing his medical education. The defendant's parents also were of financial assistance to the parties. CT Page 906
The wife has a health problem in that she is prone to having seizures as a result of being epileptic.
When the plaintiff was a staff physician at Stamford Hospital, he earned $50,000 per year. He is presently earning $26,000 per year in Florida. After the plaintiff obtains his Florida medical license in July 1992, he expects to earn $75,000 per year.
The testimony of the plaintiff's college classmate and best friend was most revealing. The court finds his testimony to be not privileged. His evidence as to the plaintiff's bisexuality was uncontroverted although vehemently denied by the plaintiff.
There was further evidence presented to indicate that the plaintiff withdrew to himself either due to his strenuous work hours or lack of interest in the marriage. There was also evidence offered as to the arguments between the parties, as well as physical contact. At this point, the parties had three young children and the defendant was expecting their fourth child. The parties separated in March 1990.
Unfortunately, the parties were unable to resolve their marital difficulties. The evidence presented indicates that the greater fault for the cause of the breakdown must be attributed to the plaintiff.
At the time of the hearing, the plaintiff husband was angry and frustrated over his lack of visitation with the minor children. The defendant wife is bitter over the ruins of the marital relationship.
The court has carefully considered the statutory criteria in reaching the decisions herein and has attempted to fashion "do able" orders within the parameters established by our laws.
A. Custody
1. Custody of the four minor children is awarded to the defendant wife with rights of reasonable visitation to the plaintiff husband.
B. Visitation
The issue of visitation has been problematic as the attorney for the minor children stated, it has been like "Alice's Rabbit Hole."
The court is only going to enter interim visitation orders at this time and enter a more complete order after a hearing six CT Page 907 months from date. It is the court's hope that during the next six months the parties will be able to put aside their bitterness and anger and resolve the myriad problems involved in the visitation scheduling.
The court is concerned over the estrangement between the plaintiff father and the minor child Stephanie aged 9. Although all four children are included in the court's orders as to visitation, the plaintiff father may have some difficulty in having Stephanie actually go out with him. However, the father shall at least be given an opportunity to see Stephanie and talk with her on all the visitations as set forth in this memorandum.
In the event there is no agreement on future visitation after June 1992 or in the event there is a delay in a hearing thereon, the father shall be entitled to visitation one weekend per month, with 2 weeks notice to the mother which notice shall be in writing with a copy to attorney Elizabeth Sharpe, attorney for the minor children. With respect to all visitation, until further order of this court, the pick-up and drop-off of the minor children shall be at the office of Dr. Michael D'Amico, 789 Turnpike Street, No. Andover, Massachusetts. It is not necessary for Dr. D'Amico to be present, although his presence would be of assistance, especially with regard to Stephanie.
Attorney Elizabeth Sharpe shall continue as the attorney for the minor children until the final hearing.
The interim visitation order shall include the following:
1. For the month of January 1992, the father shall have two conference calls with the minor children at the office of Dr. Michael L. D'Amico, 789 Turnpike Street, No. Andover, Massachusetts. The father shall immediately provide dates and times of his availability for such conference calls. Such availability shall coincide with Dr. D'Amico's schedule and shall not interfere with the children's school schedule. The doctors telephone number is (508)688-8004.
2. For the month of February 1992, the father shall be entitled to 4 conference calls with the minor children, again at the office of Dr. Michael D'Amico.
3. For the month of March 1992, the father shall be entitled to visit with the minor children for one weekend in Massachusetts notice shall be given in writing to the defendant mother, attorney Sharpe and Dr. D'Amico.
Pick-up and drop-off shall be at the office of Dr. D'Amico. The presence of Dr. D'Amico is not necessary, although CT Page 908 it would be helpful. The hours of visitation on Saturday shall be from 11:00 a.m. to 5:00 p.m. and on Sunday from 11:00 a.m. to 5:00 p.m. Since the father is traveling from Florida for this visitation, the court insists that both parties shall be flexible as to the times of pick-up and return.
4. In April 1992 the father shall be entitled to be present for the First Communion ceremony of the minor child. The father may be accompanied by members of his family. Assuming the First Communion is in the morning, the father shall visit with the minor children from 1:00 p.m. to 5:00 p.m. on that day.
5. In May 1992 the defendant shall be entitled to one week-end visitation in Massachusetts. The father shall give two weeks advance notice in writing to the defendant mother, Attorney Sharpe and Dr. D'Amico. Pick-up and drop-off shall be at the office of Dr. D'Amico. Although the presence of Dr. D'Amico is not required, it would be helpful if his schedule permits. Again, the visitation hours shall be on Saturday from 11:00 a.m. to 5:00 p.m. and on Sunday from 11:00 a.m. to 5:00 p.m. The parties are ordered to be flexible with respect to the times since the father is traveling from Florida.
6. With respect to any Sunday visitation, the father shall be permitted to take the children to church, if they have not already attended for that day.
7. In June 1992 the father shall be entitled to one weekend visitation in Massachusetts with two weeks advance notice under the same conditions as set forth above.
8. At a hearing to be held after the June visitation and prior to the school year starting in September, the court shall consider whether the four children or some of the children should visit with the father in Florida, as requested by the father.
9. In addition to the conference telephone calls as set forth above, the father shall have free and unrestricted telephone contact with the minor children at reasonable times and hours. The mother shall not interfere or discuss any court issues during these telephone calls. The mother shall encourage the minor children to speak with their father on a regular basis and shall encourage the children to call their father collect, in Florida, during the times he is available.
10. The mother shall not interfere with any cards, notes, messages or gifts that are sent to the children by the father and she shall encourage the children to correspond with the father in Florida. CT Page 909
11. The court further orders that both parties, the plaintiff and the defendant shall have a family psychological evaluation within 60 days of date. Both psychologists of the parties shall confer and consult with each other and the parties shall cooperate with their respective psychologist and make good faith efforts to carry out their respective recommendations.
12. The minor daughter Stephanie shall continue in the counseling sessions with Dr. D'Amico. The father shall participate in these counseling sessions as needed and when invited by Dr. D'Amico. If Dr. D'Amico requests the presence of the father it should be done on the times the father plans to be in Massachusetts. The father shall cooperate with Dr. D'Amico in the counseling sessions in an endeavor to improve his relationship with the minor children, especially Stephanie.
13. Both parties shall make good faith efforts to establish a meaningful and ongoing parent-child relationship and to establish a more meaningful visitation schedule for the benefit of the minor children and the plaintiff.
14. Neither party shall disparage the other parent in front of the children and shall not allow family members to do so in the presence of the children. Both parents shall encourage the children to respect and obey the other.
15. Summer vacations and holidays visitation shall be dealt with after the psychological testing has been completed and at the hearing to be held after the June visitation and prior to the school year starting in September 1992.
16. The plaintiff shall be responsible for all costs of transportation in connection with the visitation.
17. The August 1990 visitation was a disaster to all concerned — the parties as well as the minor children. There were so many people making arrangements it would be difficult to assess blame to any one person. Although everyone involved was trying to set up a visitation, all were pulling in different directions. The plaintiff flew up from Florida in connection with a pre-trial of this matter and attempted to combine the trip with a visitation in Massachusetts. Although the court can understand the plaintiff's frustration at being unable to visit with his children, the circumstances do not warrant that the plaintiff be reimbursed his cost of travel from Florida and the court declines to award any compensation. The plaintiff should, however, be given additional time with his children which shall be addressed at the next hearing.
18. This court shall retain jurisdiction with respect to the CT Page 910 issue of visitation and to enter final orders as to visitation including holidays and vacations after a further hearing six months from date.
19. It is further ordered that the defendant shall make arrangements with the schools for the plaintiff to be provided with copies of the children's report cards, notices of school functions and activities, parent-teacher conferences and similar events. The plaintiff shall also be provided with copies of the children's medical and dental records.
20. In the event the wife vacations in Florida with the minor children, the husband shall be entitled to visitation with the minor children on a minimum of two days from 9:00 a.m. to 7:00 p.m.
C. Child Support
1. At the present time the plaintiff is earning minimal income in his profession. The defendant wife is unemployed and remains at home caring for the four minor children all under the age of (9) nine years.
2. Commencing December 16, 1991 and weekly thereafter, until such time as the plaintiff secures other employment which is anticipated to be after July 1, 1992, the plaintiff shall pay to the defendant as child support the sum of $215 per week for the support of the minor children.
3. The plaintiff testified he expects to earn $75,000 per year commencing in July 1992. The court desires to limit the confrontation between the plaintiff and the defendant, although the parties have to return to court with respect to the visitation issue. Upon the plaintiff commencing his new employment in July 1992, the plaintiff shall pay to the defendant as child support for the four minor children an amount equal to 50% of his net disposable income. The plaintiff's gross income determination and net income determination shall be in accordance with the definitions set forth in the Connecticut Child Support Guidelines. The plaintiff shall be entitled to claim the four minor children as allowable exemptions. In addition, the plaintiff's deductions shall include mandatory deductions such as federal and state income taxes, social security tax, union dues or fees, group life insurance premiums, mandatory medical/health insurance premiums, and mandatory retirement plan deductions.
4. As part of the pendente lite orders entered on February 25, 1991, the plaintiff was entitled to claim the four children as dependents for income tax purposes for the year 1990.
5. The plaintiff shall be entitled to continue to claim the CT Page 911 four minor children as dependents for income tax purposes provided he is current on his support payments. This order shall be modifiable.
6. In the event the plaintiff's income exceeds $100,000, the parties shall return to court to determine an appropriate order for the support of the minor children, based on the circumstances and needs of the parties at that time.
D. Alimony
1. Commencing December 19, 1991, the plaintiff during his lifetime, shall pay to the defendant as alimony the sum of $40 per week for a period of 10 years, and thereafter the award of periodic alimony shall be $1.00 per year until the youngest child shall reach the age of 18 years, or until the death or remarriage of the defendant wife, whichever event shall first occur.
E. Lump Sum
The plaintiff husband has a successful career ahead of him in his chosen field as a doctor, specializing in pediatrics. The plaintiff has a medical license to practice in Connecticut and expects to receive his Florida license in July 1992. The plaintiff testified he was in good health. Although the defendant wife has a solid education with a masters in economics, the realities are that she will have to devote a substantial amount of her time and energy to the raising of her four minor children. Further, the wife has a health problem in that she is subject to seizures. The plaintiff husband has relocated to Florida and is not close by to assist the defendant with the myriad problems involved in the raising of four children all under the age of nine years.
The defendant supported her husband's efforts to complete his medical education and obtain his medical decree. The parties lived in the Dominican Republic, Florida, Texas and New York before moving to Stamford, Connecticut. Although the husband's goal of medicine was primary, both parties wanted children and in addition to having four children the wife obtained her masters in economics and did some part-time work during the course of this marriage.
It would be unfair and unequitable for the wife not to share in the fruits of their joint labor now that the husband has completed his medical education. The wife is left with the burdens of maintaining a home not only for herself, but for their four children without the support of a father and husband as contemplated when the parties exchanged their marriage vows.
Now that the husband is coming into his own in his profession, it would be unjust for him to toss aside his wife and four children CT Page 912 as so much excess baggage without some financial provisions for his family in the future. To do otherwise would allow the husband to shirk his obligations and responsibilities as a father.
The court has very carefully considered the statutory criteria set forth in Sections 46b-81 and 46b-82. The husband's source of income, his vocational skills and employability far outweigh those of the wife. The health of the parties has already been discussed. The wife's needs at the present time far outweigh those of the husband. Although both parties are living with their respective parents, it would appear imperative that the wife obtain separate quarters for herself and the children in the near future. The husband's ability and opportunity for further acquisition of income far outstrips that of the wife who will have to put her career on hold until some time in the future when the children are older.
The court cannot close its eyes to the realities of this situation in arriving at a fair decision within the bounds that the law provides. The husband's ability and opportunity for future acquisition of income is a reality and not subject to speculation or rehabilitation as in the Pasqua case. (Pasqua v. Pasqua,16 Conn. App. 278).
The following order is entered:
1. As lump sum alimony, for the support and maintenance of the wife, the husband shall pay to the wife the sum of $75,000 (Seventy-Five Thousand Dollars) as follows:
a) $15,000 no later than December 30, 1992
b) $10,000 a year for a period of six years on December 30th of each year commencing December 30, 1993 and continuing for 6 years thereafter.
F. Real Estate
1. The parties are the owners of a condominium located at 150A Columbus Place, Stamford, Connecticut. The premises have been vacant and unoccupied for over a year as the plaintiff is residing in Florida and the defendant and four children are living in Massachusetts. On February 25, 1991 by agreement, the court ordered the condo listed for sale and placed on the market for $149,900. It has been represented to the court that this property is now under foreclosure.
2. It is ordered that in accordance with Section 46b-81
C.G.S. all of the right, title and interest in and to said property is transferred and assigned from the defendant wife to the plaintiff husband. The plaintiff husband shall be responsible for CT Page 913 all existing mortgages, encumbrances, debts and deficiencies in connection with said property. The court shall retain jurisdiction over any disputes in connection with the transfer of this real estate.
G. Personal Property
1. Each party shall retain their respective personal property in his or her possession.
2. The defendant however, shall turn over to the plaintiff any of his personal property, degrees, diplomas, etc., which she has in her possession.
H. Life Insurance
1. The husband presently has an existing $100,000 life insurance policy in effect. It is ordered that this policy shall remain in full force and effect and shall not lapse when the husband changes his employment. The defendant wife and the four minor children shall be named as irrevocable beneficiaries on this policy for so long as the plaintiff has obligations of alimony and/or child support.
2. In addition, to secure the plaintiff's obligations as to alimony and support, the plaintiff shall provide and maintain a life insurance policy in the amount of $350,000 naming the four minor children as irrevocable beneficiaries thereon, for so long as the plaintiff has an obligation for child support. The defendant shall be the custodian for the minor children under all policies.
The plaintiff shall provide and maintain a life insurance policy in the amount of $100,000 naming the wife as irrevocable beneficiary thereon for so long as he has an alimony obligation.
3. The provisions with respect to life insurance shall be modifiable.
H. Medical Insurance
1. The husband shall maintain medical, dental and hospital insurance for the benefit of the minor children. The husband shall be responsible for and pay one-half of any uninsured, unreimbursed medical, dental and therapy expenses. Section 46b-84(c) C.G.S. is ordered.
I. Change of Name
The defendant is granted a change of name to her maiden name, Maureen A. Landers. CT Page 914
J. Arrears
1. On September 16, 1991 the court found an arrears of $4,442 on the pendente lite orders. The arrears was due in part to the plaintiff substantially understating his income on his February 15, 1991 sworn financial affidavit.
In June, the plaintiff became unemployed and subsequently became employed in July but at a lower income. The plaintiff paid child support using the child support guidelines without benefit of a court order modifying the original order. The plaintiff filed a Motion to Reargue dated July 11, 1991 and claims the arrears should be set at $3,397.
The plaintiff can purge himself of the contempt by paying a lump sum of $3,900 within 30 days of date. In the event the lump sum payment is not made within 30 days, then the arrears of $4,442 shall be paid as follows:
a) The sum of $2,221 shall be paid on August 1, 1992 and the balance of $2,221 shall be paid on October 1, 1992.
2. The defendant was awarded counsel fees of $350 on September 16, 1991 which have not been paid to date. It is ordered that these counsel fees be paid within 10 days of date.
3. Medical Arrears
The court found an arrearage with respect to medical bills in the amount of $2,554. The defendant shall forthwith turn over to the plaintiff all of the medical bills to enable the plaintiff to process these bills through his insurance carrier. The plaintiff shall, however, reimburse the defendant the sum of $2,554 within 45 days of date or February 14, 1992.
4. The court finds the child support arrears accrued since September 16, 1991 to December 16, 1991 to be in the amount of $750. This arrearage shall be paid within 2 weeks of date.
K. Attorney Fees For The Attorney For The Minor Children
The court finds the attorney's fees for the attorney for the minor children to be fair and reasonable. Counsel provided invaluable assistance on behalf of the minor children and took the time to visit with the children in Massachusetts.
The fee of $13,116.25 for the attorney for the minor children is approved and ordered. It is further ordered that each party shall pay one-half of the attorney's fee. This fee is for CT Page 915 services performed by Attorney Sharpe through December 30, 1991.
If the parties are unable to agree on a payment schedule, they shall return to court for an order thereon.
COPPETO, J.