## MARIE L. KEEYS *v.* MALCOLM J. KEEYS
### (15255)

O'Connell, Lavery and Spear, Js.

Submitted on briefs September 30—officially released November 19, 1996

*Herman H. Tarnow* filed a brief for the appellant (defendant).

*Jeremiah Donovan* filed a brief for the appellee (plaintiff).

O'CONNELL, J. The defendant appeals from the judgment dissolving his marriage to the plaintiff. He claims that the trial court improperly (1) awarded alimony to the plaintiff, (2) awarded the family residence to the plaintiff, (3) failed to require the plaintiff to assume responsibility for any of the defendant's financial liabilities, and (4) awarded postmajority support. We affirm the judgment in part and reverse it in part.

The record shows that the plaintiff and the defendant were married on August 5, 1972. One child was born to the parties on August 9, 1977. She reached majority while this action was pending in the trial court.

We consider the plaintiff's claims concerning alimony, property distribution and responsibility for the defendant's financial liabilities together. "A trial court is endowed with broad discretion in family relations cases. Our review of such decisions is confined to two questions: (1) whether the court correctly applied the law, and (2) whether it could reasonably have concluded as it did. . . . As an appellate court, we do not review the evidence to determine whether a conclusion different from the one reached could have been reached. . . . The goal of our analysis is simply to decide whether the trial court's conclusion was reasonable. The trial court has the advantage of viewing and assessing the demeanor, attitude and credibility of the witnesses and is therefore better equipped than we to assess the circumstances surrounding the dissolution action. Thus, we do not retry the facts." (Citations omitted.) *Palazzo* v. *Palazzo*, 9 Conn. App. 486, 488, 519 A.2d 1230 (1987).

After reviewing the record, we conclude that the trial court determined the financial awards and division of property by correctly applying the law after carefully reviewing the evidence presented. We affirm the decision of the trial court on the defendant's first three claims.

## II

The defendant claims in the fourth issue that the trial court improperly awarded postmajority support by ordering that "the defendant shall provide medical and dental insurance for his daughter available to him through his employment until she has been graduated from *college* or has reached *age 22*, whichever first occurs. He shall also be responsible for one half of the child's uninsured medical and dental expenses during that same time period and the plaintiff shall be responsible for the remaining one half of the expenses." (Empha-

sis added.) General Statutes § 46b-84 (b)[1] authorizes child support orders only until the child reaches the age of eighteen, or if the child is in high school, until age nineteen. In the absence of a written agreement between the parties the trial court may not order child support beyond the age of majority. *Miller* v. *Miller*, 181 Conn. 610, 613–14, 436 A.2d 279 (1980); see General Statutes § 46b-66.[2] There was no written agreement in this case, and the plaintiff concedes that the court lacked jurisdiction to extend postmajority orders until age twenty-two.

Although the child was a full-time student when the order was rendered, she has now passed her nineteenth birthday and the defendant is not liable for any medical or dental expenses or unreimbursed medical or dental expenses after that date. This court does not know whether there are any outstanding medical or dental expenses that accrued prior to the child's majority under § 46b-84. Such expenses are payable pursuant to the support order. To the extent that that order requires support after the statutory age limits (age nineteen or completion of twelfth grade), that portion of the judgment must be vacated.

The judgment is reversed only as to the award of postmajority support, and the case is remanded with

---

[1] General Statutes § 46b-84 (b) provides in pertinent part: "If there is an unmarried child of the marriage who has attained the age of *eighteen*, is a full-time high school student and resides with a parent, the parents shall maintain the child according to their respective abilities if the child is in need of maintenance until such time as such child completes the twelfth grade or attains the age of *nineteen*, whichever first occurs. . . ." (Emphasis added.)

[2] The applicable portion of General Statutes § 46b-66 provides: "If the [separation] agreement is in writing and provides for the care, maintenance or support of a child beyond the age of eighteen, it may also be incorporated or otherwise made a part of any such order and shall be enforceable to the same extent as any other portion of such order or decree . . . ."

direction to amend the judgment to eliminate the order of postmajority support.

In this opinion the other judges concurred.