[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
CT Page 3570
The defendant has moved to terminate alimony pursuant to 46b-86 (b) of the General statutes, but seeks to have the effective date of the termination be October 1, 1998, the approximate date on which the plaintiff began residing with another person.[1]
In the judgment dissolving the marriage, the court awarded the plaintiff alimony of $250.00 per week until "the death of either party, the remarriage of the plaintiff, or the issuance of a termination order in accordance with 46b-86 (b) of the General Statutes." Although the judgment was appealed, the financial orders of the court were affirmed except the order awarding post-majority support. Keeys v. Keeys,43 Conn. App. 575 (1996).
The defendant's motion and argument assert that retroactive termination should be granted because the plaintiff failed to notify him of her living arrangement. The defendant relies on the holding of the Appellate Court in Milhalyak v. Milhalyak, 30 Conn. App. 516 (1993) to support his position that a retroactive modification of alimony may be permitted when the decree specifies that alimony terminates on the commencement of cohabitation. In that case, however, the defendant did not seek retroactive modification under 46b-86, but rather because the parties had entered into a stipulated judgment which provided that the wife's right to receive alimony would terminate upon the wife's remarriage or cohabitation. The court decided that, in the context of that case, the judgment was self-executing, and that no alimony had accrued since the date the cohabitation began.
In this case, the judgment provided that alimony would terminate upon the issuance of an order terminating alimony pursuant to 46b-86 (b). That is not self executing. Moreover, the statute does not require termination upon a finding that an alimony recipient is living with another person, but also includes modification, suspension, or reduction as relief for a payor. The Mihlalyak decision does not alter the principle that alimony cannot be modified retroactively. Sanchione v. Sanchione, 173 Conn. 397
(1977).
The court denies so much of the defendant's motion as seeks to have the modification of alimony be made retroactive to the date the plaintiffs cohabitation began, but grants the defendant's motion for attorney's fees. The defendant shall submit an affidavit of his attorney's fees. If the plaintiff wishes to be heard concerning the reasonableness of the fees, she must file an objection to the attorney's fees requested within fourteen days of the filing of the affidavit. If she does not do so, her CT Page 3571 right to an evidentiary hearing will be deemed waived, and the attorney's fees sought will be awarded if the court determines them to be reasonable.
So ordered.
BY THE COURT,
GRUENDEL, J.