[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON PLAINTIFF'S MOTION FOR MODIFICATION
The plaintiff has moved for modification of the judgment of the court entered on July 29, 1985. At that time the defendant was ordered to pay to the plaintiff the sum of $1,500.00 per month as alimony.
The parties were married on February 14, 1958 in Henderson, North Carolina. As previously noted, a decree of dissolution was entered in 1985 after a twenty-seven year marriage. The plaintiff is now 54 years of age and the defendant 56 years of age. At the time of the original decree, the plaintiff was not employed and was treating with a psychiatrist and is still treating with that psychiatrist for anxiety and stress. Since the decree, she has worked part time for People's Bank as a teller for four years, as a saleslady at Levine's Coat Factory for a few months until it closed, and for a brief period in 1992 as a teller trainee at Chase Manhattan Bank. She had to quit her job at Chase Manhattan because of stress. In addition to her anxiety and stress she complains of dizziness, chest pain and gastritis. She is treating with Dr. Giangrasso and Dr. Veneruso and is unable to return to work at least at present. CT Page 6481
The defendant is self-employed. He operates his own business as an automobile wholesaler, buying used cars for dealers. This was also the defendant's occupation in 1985. However, his net income in 1985 was $568.50 per week. His net income in 1993 is $1,357.00 per week.
Pursuant to the terms of the oral agreement of the parties at the time of the decree of dissolution and incorporated into the judgment, the sum of Ten Thousand ($10,000.00) Dollars per year in income might be earned or realized as revenue without it being considered as a change for modification purposes. (See pages 18 and 19 of the transcript of proceedings before Judge Harrigan on July 29, 1985.)
For comparison purposes, Mr. Castle's income before deductions in 1985 was $878.00 per week or $45,656.00 per year. His gross income before deductions for 1993 is $1,581.00 per week or $82,212.00 per year. This income exceeds the 1985 income by more than $37,000.00 or $27,000.00 more than the allowed $10,000.00.
The defendant's health is good. He is presently complaining of a pain and numbness sensation that he likens to a sunburn on his body. He has sought medical advice but there has been no diagnosis. He complains that he is under constant pressure in his business.
In defending the plaintiff's motion, the defendant has sought to establish substantial changes in the plaintiff's circumstances such that the plaintiff's motion should be denied. Her mother, who is 93 years of age, is living with her. The mother gives the plaintiff $100.00 to $150.00 per week "to help out." In addition, the plaintiff has a boarder who pays $100.00 per week for a room with kitchen and family room privileges. The mother has also named the plaintiff as joint tenant of certain stocks, a one quarter interest in a condominium in Stuart, Florida and two certificates of deposit and credit union savings account. The plaintiff insists this property is her mother's, that her mother declares the income on this property and has total control over this property. She has stated that her mother put it in plaintiff's name because the plaintiff had no retirement account. This property is listed on Schedule A of the plaintiff's financial affidavit. One half of the value of these assets amounts to $76,000.00. CT Page 6482
Finally, the defendant has sought to make something of the plaintiff's male companion. He has given the plaintiff money from time to time, sometimes by gift and sometimes by loan. He has helped around the house. He has stayed over from time to time and they have taken vacations together. The plaintiff has indicated that she is well aware alimony would cease if she were to live together with this individual so they are not living together.
The plaintiff's motion is presented pursuant to the provisions of 46b-86(a) of the General Statutes. For the court to modify any periodic award of alimony or support, the court must find that there has been a substantial change of circumstances. See Vonaa v. Vonaa, 15 Conn. App. 745, 747
(1988); Turner v. Turner, 219 Conn. 703, 717 (1991). The court does find that there has been a substantial change of circumstances of each of the parties. The defendant has prepared a comparison of each of the parties' financial situations and that analysis demonstrates the substantial changes in this close to eight year period of time.
Having found a substantial change of circumstances, the court must then consider the factors of 46b-82 of the General Statutes. The court has considered these factors. The court grants the plaintiff's motion for modification and modifies the previous order of alimony to increase the same from $1,500.00 per month to $1,900.00 per month effective July 1, 1993.
A judgment file has never been filed in this matter. It is the court's understanding that one has been prepared but that the parties are unable to agree on the precise language of the provisions allowing an annual increase of $10,000.00 in income before there are grounds for modification. The language used by the parties would appear to include not only income but any amounts received by way of gifts or inheritance. If the parties are unable to agree on a judgment file, the matter should be submitted to the court for determination. Former counsel for the plaintiff and counsel for the defendant must confer and comply with the court's directive in this respect.
EDGAR W. BASSICK, III, JUDGE CT Page 6483