[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
#113: Motion for Modification of Child Support, Post Judgment
The parties were divorced on 9/15/99; their Separation Agreement of that date was incorporated by reference in the judgment of dissolution. The couple have shared physical custody of the minor child ("Byrdie") under Paragraph 5.1. of that Agreement.
Paragraph 6.1 of the Agreement provides the plaintiff shall be solely responsible for Byrdie's education and school expenses. Paragraph 6.2 provides the plaintiff shall pay "all of Byrdie "s clothing, miscellaneous expenses, tutoring, lessons and entertainment and allowances as agreed by him and Byrdie." It continues, "Any expenses that the Wife incurs on behalf of Byrdie shall be her obligation, unless she obtains the prior specific approval of the Husband, in which case he shall promptly reimburse the Wife." At the time of dissolution, Byrdie was living with the plaintiff and a caretaker in a New York City townhouse and attended school at the United Nations International School (UNIS); she spent four (4) days per month with the defendant in Greenwich. On or about September 10, 2000, Byrdie moved into the defendant's Greenwich home; a caretaker also lives there and Byrdie still attends UNIS. The plaintiff now resides in Florida. The defendant has rented a New York apartment from March 5 — August 5, 2001, at a cost of $4,200/month. She testified at a CT Page 2921 hearing on February 15, 2001, the apartment was rented in Byrdie's best interest because the ride by car to and from school (Greenwich to New York City) took approximately one and one-half (1 1/2) hours. She also testified that, prior to Byrdie's move to Greenwich, the plaintiff and defendant agreed Byrdie could either: 1) attend a boarding school; 2) attend a Greenwich school, or 3) continue at UNIS and commute from Greenwich. Byrdie chose the latter option. The parents never discussed the defendant's rental of an apartment in the city with the plaintiff paying for the same.
On November 2, 2000, the defendant filed the instant motion, alleging a substantial change in circumstances in that Byrdie now lives in Greenwich and the defendant has leased a New York apartment. She has requested the child support be increased so as to require the plaintiff to pay for the apartment those months when school is in session and that he be required to pay all of the expenses listed in Section II-M of the defendant's financial affidavit of February 15, 2001
("Byrdie's expenses" — a total of $8,281.31 monthly). On the date of hearing, the plaintiff agreed to pay the monthly costs of items #5, #6, #18 and #19 (medical and grooming supplies, grooming expenses, school supplies, and art supplies).
The requirement for such modification is a "substantial" change in circumstances. "Connecticut unequivocally follows the widely established rule that no modification of alimony or support is to be granted unless there has been a showing of a substantial change in the circumstances of either party." Conn. Gen. Statutes § 46b-86; Dooley v. Dooley,32 Conn. App. 863 (1993). The burden of proof is on the moving party to make a clear showing of a substantial change in circumstances. McGuinnessv. McGuinness, 185 Conn. 7, 10 (1981); Vonaa v. Vonaa, 15 Conn. App. 745,747-48 (1988).
The defendant testified the "child care" expenses of $2,830 includes the cost of driving Byrdie to school four (4) mornings per week as well as the cost of performing personal tasks both for Byrdie (i.e. returning library books, arranging vacations, setting up medical appointments, etc.) and for the defendant (i.e., running errands, making phone calls, arranging for appliance maintenance. etc.). She further testified she is capable of doing all that the caretaker does for Byrdie, that she can afford to pay all of the minor's expenses and that Byrdie presently receives an allowance of $300/month from the plaintiff.
Under Paragraph 6.1 of the Agreement, the plaintiff is responsible for all of the enumerated expenses, which expenses relate to the child's educational or school expenses; thus, if the child were to attend a CT Page 2922 boarding school, the plaintiff would be required to pay the cost of room and board at that school. Nothing in that provision, however, makes him liable for the minor's room and board in other than an educational setting and, thus, he is not required to contribute to the cost of maintaining the Greenwich home or to pay for the apartment rental in New York. He is, under the terms of that paragraph, responsible for "reasonable school transportation expenses" and be is therefore ordered to pay only that portion of the caretaker's cost attributable to the driving of the minor to school four (4) mornings per week — or five and one half (5 1/2) hours weekly.
The plaintiff is ordered to pay the cost of items #5, #6, #18 and #19; he is also ordered to continue to pay the cost of item #12 — unreimbursed medical and dental expenses.
All other items listed in Section II-M of the defendant's financial affidavit are, under Paragraph 6.2 of the Agreement, obligations of the plaintiff only "as agreed by him and Byrdie" or, if not so agreed, are expenses to be borne by the defendant since expenses incurred by her on behalf of the child. The exception to this provision is when the defendant has obtained the plaintiff's "prior specific approval." in which case the plaintiff is obliged to promptly reimburse the defendant.
SO ORDERED.
SHEEDY, J.