[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] PENDENTE LITE ORDERS
#111: Motion for Order
The plaintiff has moved for an order requiring the defendant to pay "bills and expenses incurred prior to January 31, 2001" as per his earlier agreement. At the hearing on February 16, 2001, the plaintiff specifically requested payment of an orthodontic bill in the amount of $110, a nursery school expense of $150/month, and continuation of the minimum monthly payment on an outstanding credit card bill of CT Page 3132-dq approximately $8,000.
The defendant is ordered to pay both the orthodontic bill upon presentment of the same and the monthly nursery school bill in an amount not to exceed $150/month. If the defendant so requests, the plaintiff will provide him verification of that expense every three (3) months. The defendant shall also continue to make the minimum monthly credit card payment but only as to the People's VISA card shown on the plaintiff's financial affidavit of December 6, 2000, and only as to those expenses incurred prior to January 31, 2001. The plaintiff will therefore provide the defendant a statement from the credit card company, which statements lists all charges made prior to January 31, 2001, and the date of each such charge. Defendant shall make such payments directly to the credit card company and he shall be responsible for all late fees imposed as applicable to those charges. Such payments shall be made without prejudice and subject to further court order at the time of dissolution.
#112: Motion for Modification
The plaintiff requests a modification of this court's 1/23/01 order the defendant pay to the plaintiff $8,333.33/month in unallocated alimony and child support pendente lite[1] for reason of a "change of circumstances, to wit: the plaintiff is unable to work due to a back injury caused by the defendant." The plaintiff alleges the back injury occurred on 12/22/00 when she was shoved to the floor twice in an incident at the marital premises.
The requirement for such modification is a "substantial" change in circumstances. "Connecticut unequivocally follows the widely established rule that no modification of alimony or support is to be granted unless there has been a showing of a substantial change in the circumstances of either party." Conn. Gen. Stat. § 466-86; Dooley v. Dooley,32 Conn. App. 863 (1993).
The burden of proof is on the moving party to make a clear showing of a substantial change in circumstances, McGuinness v. McGuinness, 185 Conn. 7,10 (1981); Vonaa v. Vonaa, 15 Conn. App. 745, 747-48 (1988).
The plaintiff claims a back injury sustained on December 22, 2000, and that she saw a doctor twice thereafter — on January 17 and January 24, 2001. No corroboration of these visits either by way of testimony or medical bills was offered. The plaintiff testified that, when she saw the doctor on January 17, she was told to stay out of work for a week, to begin physical therapy, and to take two (2) prescribed medications. No CT Page 3132-dr prescriptions or prescription bills and no physical therapy referral or bill for services were offered. She was not told to stay out of work when she returned to the doctor on January 24. There is no testimony — either expert or lay — the plaintiff was disabled from work except for the week of 1/17/01-1/24/01. Since the date of the alleged injury, the plaintiff has worked on two (2) days — 1/1 1/01 (at her medical job) and 1/31/01 (at her school job). She testified she was "very sore" at the end of the day on 1/11/01 as a result of lifting patients but, by 1/31/01, she "felt O.K. — not great."
Further, the plaintiff testified she did not tell the court of pain or disability of the back when she last appeared on 1/8/01 (seventeen days post incident) because "nobody asked me." Finally, at the hearing on 2/16/01, the plaintiff testified that, for the period 1/08/01 through 1/31/01, she continued to do all her usual household and child care duties — to include the carrying of garbage to the garage — though "`with changes."
The plaintiff has not sustained her burden of proving there has been a substantial change of circumstances since the court order of 1/23/01, the back injury having pre-dated that order, nor has the plaintiff established she is disabled from work.
The motion to modify is denied.
SHEEDY, J.